BARNES ET AL. *v.* STEVENS ET AL.

PROMISSORY NOTE.—*Pleading.*—*Duplicity.*—*Practice.*—Where a single paragraph of complaint declares upon several promissory notes, it is faulty for duplicity, but may be corrected by a motion to separate.

SAME.—*Defence.*—*Failure of Consideration.*—*Contract.*—In an action on a promissory note, by the payee against the maker, the defendant alleged a failure of consideration, in this; that the note in question had been executed in lieu of a certain worthless promissory note executed by an insolvent to the plaintiff, solely in consideration of the promise of the plaintiff to furnish to the defendant. for sale, certain merchandise, and that the plaintiff had refused. on demand by the defendant, to comply with his contract.

*Held*, on demurrer, that the answer is sufficient.

Barnes *et al. v.* Stevens *et al.*

SAME.—*Duress.*—An answer in such action alleged, that the defendant had executed the note in suit simply because of a threat by the plaintiff to institute bankruptcy proceedings against a third person, a debtor of the plaintiff, from whom the defendant had purchased certain merchandise sold him by the plaintiff, and thus affect the defendant.

*Held*, on demurrer, that the answer does not aver facts constituting duress, and is insufficient.

From the Grant Circuit Court.

*J. Brownlee* and *H. Brownlee*, for appellants.

*A. T. Wright*, for appellees.

PERKINS, J.—Suit by the appellees upon three promissory notes. The complaint contained but one paragraph. It was not attacked for any cause by demurrer or motion. The paragraph was faulty for duplicity, which might have been corrected on motion to separate. Bick. Civil Pr. 66.

Answer in two affirmative paragraphs:

1. Failure of consideration;
2. Duress.

Demurrers were sustained to the paragraphs of answer. The defendants elected to stand upon the rulings on their demurrers, refused to answer, and the plaintiffs had judgment for the amount due on the notes.

It is assigned for error that the court erred in sustaining the demurrers to the paragraphs of the answer.

The paragraphs of answer are these:

" 1. The defendants aver that the consideration for which said notes were given has failed, and they are wholly without consideration, in this, that said plaintiffs held notes, against one Joshua Barnes, which notes were then and are still wholly worthless, said Barnes being notoriously insolvent; defendants aver, that, for the purpose of inducing them to give to plaintiffs their notes in lieu of the said worthless notes so held by them against the said Joshua, they, the plaintiffs, represented to said defendants that they could make the same amount by profits on goods, which they, defendants, could make before said notes became due.

"Defendants aver that said plaintiffs were then engaged. in selling goods by wholesale, and that they, defendants, had not at that time or afterward money, means or credit to purchase goods to so sell.

"Defendants expressly charge that to so induce them to so make said notes, they, the plaintiffs, agreed and promised that they would sell and furnish to said defendants on, credit, on their order, all the goods that they, defendants,. might order or desire. Defendants expressly charge and aver that they relied on said representations and promises of said plaintiffs, and by reason of the same gave said notes in said plaintiffs' complaint mentioned.

"Defendants aver that after they had so given said notes and arranged and prepared to sell and retail goods, they, relying on said plaintiff's said agreement, sent to said plaintiffs their order for goods, according to said agreement, to the amount of two thousand dollars, which said plaintiffs refused to furnish, forward or sell. Defendants. aver, that, not having credit or means aforesaid, they were unable to purchase goods from any other house or place,. and hence were compelled to close up their said business. of selling goods, and were thereby deprived and prevented from so making the said money which said plaintiffs so represented that they could make, and were damaged by reason thereof more than the amount of said notes and interest. Said defendants charge that they never received any consideration whatever for said notes, or either of them.

"2. For further answer said defendants aver that said defendants had, before the making of the notes in plaintiffs' complaint, purchased from one Joshua Barnes goods and property which had been purchased from said plaintiffs, for which said Joshua had given to said plaintiffs his notes, which said plaintiffs held, which were then and are now worthless, he, the said Joshua, being then and is still

notoriously insolvent. Defendants aver that the said Joshua was and is the brother of said defendants, and that, for the purpose of causing them to give said notes in complaint specified, said plaintiffs threatened to cause said Joshua to be declared a bankrupt, which would involve not only the said Joshua, but they, the said defendants, in great trouble, expense and difficulty, and would cause them great pain and expense, unless they, the said defendants, would give said notes specified in plaintiffs' complaint; and defendants, not knowing the facts, were led to believe that said plaintiffs could so cause said Joshua to be so made a bankrupt, and to prevent the same, as they believed, they gave said notes without any other consideration. Defendants aver the truth to be that said plaintiffs well knew at the time they made said threats that they could not, by any proceedings against said Joshua, affect them in any way."

This second paragraph, we may observe here, is bad under the decision in *Snyder* v. *Braden*, 58 Ind. 143.

The first paragraph of answer, in our opinion, was sufficient on demurrer. It should have been made more certain, but no motion was interposed to require it to be done. The entire consideration of the notes sued on was promises by the payees thereof to perform certain things in the future, viz., to deliver to the makers of the notes a note said payees, appellees, held on one Joshua Barnes, and to sell them goods on their order on credit. The appellants, makers of the notes sued on, do not admit the reception of said note, and aver that they never received any consideration whatever for said notes, or either of them, executed by them to appellees. According to the averments in the answer, they never received the note of Joshua Barnes, nor any goods from the payees of the notes in suit, in fulfilment of the promises in consideration of which

they were given, though said defendants, appellants, had ordered such goods.

The first paragraph of answer shows an entire failure of the consideration of the notes, and was a good bar to the action upon them. It was a condition precedent to the right to recover on said notes, that appellees, on a proper and reasonable demand as to time and quantity and quality and kinds of goods, should have fulfilled said promises they made. *Mix* v. *Ellsworth*, 5 Ind. 517, and the very lengthy list of cases cited. It is not claimed that such a demand was not made in this case.

The court erred in sustaining the demurrer to the first paragraph of answer.

The judgment is reversed, with costs, and the cause remanded, for further proceedings in accordance with this opinion.