FRANK L. EGNER, Respondent, *v.* THE CORN EXCHANGE BANK, Appellant.

(Supreme Court, Appellate Term, January, 1904.)

Mistake — An endorser guarantees the genuineness of all prior endorsements — Negotiation of paper payable to the order of a fictitious person.

An employee of a life insurance company, having no authority to draw or deliver checks, by falsely drawing up proofs of a death loss which had never occurred, procured the company to draw a check upon its bank payable to the beneficiary of the policy. After forging his endorsement upon the check the employee procured one Egner to cash it and he thereafter endorsed it and was credited with it by his bank. The latter then guaranteed the other endorsements and was paid the amount by the bank of the insurance company. Upon discovery of the falsity of the proofs of death and of the forgery the insurance company returned the check to its bank and that bank returned it to Egner's bank and he refunded to it. Thereafter he brought this action against his bank to recover the payment as one made under a mistake of fact.

Held, that Egner could not recover.

That when he endorsed the check he guaranteed to his bank the genuineness of the forged endorsement and that upon proof of the forgery his bank had a right to collect the amount from any endorser prior to itself.

That Egner's contention, that the insurance company was estopped from denying that the name of the payee was fictitious and hence was liable without any indorsement, was untenable as the statutory rule giving paper payable to the order of a fictitious person and negotiated by the maker the same validity as paper payable to the bearer applied only when such paper was put into circulation by the maker with knowledge that the name of the person did not represent a real person, and that the insurance company had no such knowledge on the proof.

APPEAL by the defendant from a judgment rendered in the Municipal Court of the city of New York, fourth district, borough of Manhattan, in favor of the plaintiff.

Bowers & Sands, for appellant.

Joseph Du Vivier (John Brooks Leavitt, of counsel), for respondent.

*Per Curiam.* Plaintiff seeks to recover in this action the sum of $343, paid to the defendant as alleged by the plaintiff under a mistake of fact.

The material facts are undisputed, and, briefly stated, are as follows: One Herzog, an assistant superintendent of the Prudential Insurance Company of Newark, N. J., having an office in the city of New York, prepared proofs of claim for a death loss, purporting to be on the death of one Mary Ellis, a policy-holder in said company, and caused to be issued by the company, in payment of such supposed loss, a check drawn upon the Fifth National Bank of this city, payable to John Ellis, the husband of said Mary Ellis, a beneficiary provided for in the terms of the policy. Upon this check Herzog forged the name of John Ellis, and procured the same to be cashed by the plaintiff. The plaintiff then indorsed the check and deposited it with the defendant. The defendant thereupon guaranteed the indorsements on the check and presented it to the Fifth National Bank for payment. Payment thereon was made, and the check in due course of business was charged against the account of, and returned to, the insurance company as a voucher. Subsequently, on ascertaining that Mary Ellis was alive, that the proofs of death were falsely made up and that Ellis'

name had been forged, the insurance company returned the check to the Fifth National Bank, and that bank returned it to the defendant, who demanded payment of the plaintiff. Attached to the check was the affidavit of Ellis, showing that his name as payee of said check had been forged.

Plaintiff thereupon refunded the amount of the check to the defendant, and brought this action alleging payment thereof under a mistake of fact, and recovered a judgment in the court below.

No mistake of fact is shown on the part of the plaintiff herein, so far as his transactions with the defendant were concerned. The defendant credited the plaintiff with the amount of the check upon the faith of his indorsement thereon, he thereby guaranteeing the genuineness of the prior indorsement, and upon proof of the forgery of the first indorser had a right to demand and collect the amount from any indorser of the check prior to its own. The alleged error of fact, if one exists, consists in the acts of Herzog, whose acts, if binding upon the insurance company, were in no way brought to the knowledge of the defendant, and who is in no way responsible therefor. The defendant merely demanded what its legal rights entitled it to recover and plaintiff has no remedy, under the facts shown, against it.

Moreover the point strenuously urged by the respondent that the insurance company is estopped from denying that the name of the payee, John Ellis, was fictitious, and that hence the insurance company was liable without any indorsement, is not well taken. The fallacy of the respondent's contention rests in ignoring the rule that " the maker's intention is the controlling consideration which determines the character of the paper, and that the statutory rule which gives to paper drawn payable to the order of a fictitious person and negotiated by the maker the same validity as paper payable to bearer, applies only when such paper is put into circulation by the maker, with knowledge that the name of the person does not represent a real person." Phillips v. Mercantile Nat. Bank, 140 N. Y. 556, 561; Shipman v. Bank of State of New York, 126 id. 318.

In the case at bar it is not pretended that the assistant

superintendent, Herzog, drew the check in behalf of the insurance company or that he had any authority to direct the delivery of any checks. On the contrary, the facts show that he had nothing to do with the drawing of checks. It, therefore, follows that. the insurance company, the maker of the check, cannot be charged with either any intention of putting the check into circulation with the name of the fictitious payee or with knowledge that the name of the payee did not represent a real person.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.

Present: FREEDMAN, P. J., GILDERSLEEVE and GREENBAUM, JJ.

Judgment reversed and new trial ordered, with costs to appellant to abide event.