JOHN W. LINNELL, trustee, *vs.* ALBERT E. LEON.

Middlesex.　March 16, 17, 1910. — May 18, 1910.

Present : KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Contract,* Consideration, Construction, Independent agreement.　*Bills and Notes.*

A promissory note for $1,000 contained the following : " I having deposited with this obligation as collateral security ten shares . . . [of an unincorporated real estate trust] . . . the same now standing in his [the payee's] name but to be transferred to me at any time upon request. A payment of $100 to be made upon this obligation on the ninth day of each and every month subsequent to the date hereof, and the whole of said collateral is to be held as security until the full payment of this obligation, as above, with authority to sell the same without notice . . . on the non-performance of this promise, he or they giving me credit for any balance of the net proceeds of such sale remaining, after paying all sums due from me to the said holder or holders." The note was given to the payee as the purchase price of the shares referred to therein. *Held,* that, although the shares still stood in the name of the payee, the equitable ownership had passed to the maker of the note and constituted a consideration for the note.

A promissory note for $1,000 contained the following : " I having deposited with this obligation as collateral security ten shares . . . [of an unincorporated real estate trust] . . . the same now standing in his [the payee's] name but to be transferred to me at any time upon request. A payment of $100 to be made upon this obligation on the ninth day of each and every month subsequent to

the date hereof, and the whole of said collateral is to be held as security until the full payment of this obligation, as above, with authority to sell the same without notice . . . on the non-performance of this promise, he or they giving me credit for any balance of the net proceeds of such sale remaining, after paying all sums due from me to the said holder or holders." The note was given to the payee as the purchase price of the shares referred to therein. At the trial of an action upon the note against the maker by one to whom the payee had assigned it, the maker contended that it was arranged that he might at any time have the shares transferred to him by the payee, he at the same time to give a transfer back for collateral security, and introduced evidence tending to show that the payee had refused to transfer the shares to him upon his request. *Held*, that, if it was assumed that there had been such an agreement as contended by the maker and that it was a part of the consideration for the note and that the payee had failed to perform it, such default, although it was a breach of contract for which the maker might. have a remedy in damages against the payee, worked only a partial failure of the consideration for the note, and was not a bar to the maintenance of the action.

CONTRACT upon two promissory notes. Writ dated March 27, 1903.

The case was tried before *Bond*, J. The facts are stated in the opinion. The jury found for the defendant; and the plaintiff alleged exceptions.

*G. M. Palmer*, (*E. V. Munroe* with him,) for the plaintiff.

*F. L. Norton*, for the defendant.

KNOWLTON, C. J. The defendant made a non-negotiable promissory note for $1,000, payable to the plaintiff's assignor ten months after date, which, after the promise, contained the following language: " I having deposited with this obligation as collateral security ten shares of Harvard Real Estate Trust stock, the same now standing in his name but to be transferred to me at any time upon request. A payment of $100 to be made upon this obligation on the ninth day of each and every month subsequent to the date hereof, and the whole of said collateral is to be held as security until the full payment of this obligation, as above, with authority to sell the same without notice, either at public or private sale or otherwise, at the option of the holder or holders hereof on the non-performance of this promise, he or they giving me credit for any balance of the net proceeds of such sale remaining, after paying all sums due from me to the said holder or holders, or to his or their order. And it is further agreed that the holder or holders hereof may purchase at any public sale." This was duly assigned to the plain-

tiff. The action is to recover the balance due on the note, and also the amount of another note for $500 which is alleged to have been given in payment for the first five instalments due upon the first note. The principal question in the case is, What is the construction of that part of the contract quoted above? The defendant contends that a failure of the plaintiff to transfer the shares upon request is a bar to any recovery on the note, and the judge so instructed the jury. The plaintiff contends that the provision in regard to the transfer of the shares means only that they are to be transferred at any time after the payment of the note, and that, if it means that upon request they are to be transferred before such payment, with an immediate reconveyance to the plaintiff as collateral security, this is so far an independent stipulation that the omission to make such a transfer would not be a failure of consideration of the note, or a bar to recovery upon it, except so far as the defendant might show damages by way of recoupment.

The weight of the evidence tended to show that the note was given for the price of the shares which previously had belonged to the plaintiff's assignor, although there was testimony of a different kind. If we assume this to be a fact, as the defendant contends, the writing shows that the ownership of the property had passed to the defendant, and that, without changing the form of the certificate, the shares had been pledged by the defendant to the plaintiff's assignor, so that the defendant was the owner of the equitable interest. There was a good consideration for the note in the agreement of the parties, whereby the equitable ownership of the shares passed permanently to the defendant, subject only to the pledge for security which made it proper that the legal title shown by the certificate should be in the payee. Assuming that the defendant is right in his contention that, for some reason, it was arranged that the defendant might at any time have the shares transferred to him, he giving an immediate transfer back for collateral security, the failure to make such a transfer on request did not leave the note without consideration. The ownership of the property remained the same as the writing shows it to be. The failure would be a breach of contract for which the defendant might have a remedy in damages. It does not appear whether the damages would be more

than nominal, nor are we sure of the purpose of this part of the agreement. Perhaps the defendant thought that the transfer would give him a right to vote upon the shares, which otherwise he would not have. Whether he thought so is not clear. St. 1903, c. 423, § 1, and the R. L. c. 109, § 38, relative to the rights of pledgors and pledgees of stock, which it repeals, relate only to stock of corporations, while the shares in the present case were not issued by a corporation, but by a real estate trust. See also *J. H. Wentworth Co.* v. *French*, 176 Mass. 442. We are of opinion that, at most, the failure to perform the agreement would work only a partial failure of consideration, if we assume that this agreement constituted a part of the consideration of the note. *Waterhouse* v. *Kendall*, 11 Cush. 128. *Traver* v. *Stevens*, 11 Cush. 167. It follows that the instructions to the jury were wrong, and that the plaintiff should have been permitted to recover, even upon findings of fact most favorable to the defendant, with an allowance for the loss or damage to the defendant, if any, from the failure of the plaintiff's assignor to perform his contract.

This view of the case makes most of the other questions unimportant. As they are not likely to arise again in the same form, we do not think it necessary to discuss them.

The failure of the plaintiff's assignor to transfer the shares upon request, if there was such failure, could have no greater effect upon his right to recover upon the second note, given in part payment of the first, than it had upon his right to recover on the first.

*Exceptions sustained.*