### GEERING v. METROPOLITAN BANK.

(Supreme Court, Appellate Division, First Department. December 30, 1915.)

1. APPEAL AND ERROR ⚚⇒927—REVIEW—DIRECTED VERDICT—PRESUMPTIONS.
    Where verdict was directed for plaintiff, defendant is on his appeal entitled to the most favorable inference that can be drawn from the evidence.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2912, 2917, 3748, 3758, 4024; Dec. Dig. ⚚⇒927.]

2. BANKS AND BANKING ⚚⇒175—FORGED PAPER—ACTIONS—EVIDENCE—SUF-FICIENCY.
    In an action to recover the amount represented by checks deposited with defendant by plaintiff, evidence *held* to warrant a prima facie finding that the indorsements were forged.

    [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 634–652; Dec. Dig. ⚚⇒175.]

3. BANKS AND BANKING ⚚⇒174—FORGED PAPER—TITLE.
    Under Negotiable Instruments Law (Consol. Laws, c. 38) § 42, declaring that, where a signature is forged and made without authority of the person whose signature it purports to be, it is wholly inoperative, and no right to retain the instrument or enforce payment can be acquired through or under such signature, plaintiff, who deposited with defendant bank checks on which the signatures of the payees had been forged, can claim nothing on account of such checks; defendant after payment having returned the amounts paid it to the bank on which the checks were drawn.

    [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 629–633; Dec. Dig. ⚚⇒174.]

4. BANKS AND BANKING ⚚⇒174—FORGED PAPER—TITLE.
    In such case, plaintiff cannot base any rights on the ground that defendant bank made repayment before suit, for the bank, having no title, was not bound to await suit before repayment.

    [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 629–633; Dec. Dig. ⚚⇒174.]

    Ingraham P. J., dissenting.

Appeal from Appellate Term, First Department.

Action by Alfred Geering against the Metropolitan Bank. From a judgment of the Appellate Term, affirming a judgment of the City Court in favor of plaintiff, entered upon a directed verdict, defendant appeals. Reversed and remanded.

⚚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and SMITH, JJ.

Frederick C. Tanner, of New York City, for appellant.
John Willett, of New York City, for respondent.

SCOTT, J. The action is brought by a depositor against his depository bank to recover the sum of $576.52. The amount sought to be recovered represents a number of checks which were deposited by plaintiff and credited to his account. Subsequently, upon the ascertainment by defendant that, as it alleges, the checks had come into plaintiff's possession through a forged indorsement, the credit was canceled.

[1] The checks in question were drawn by the British & Mercantile Insurance Company upon the Merchants' National Bank to the order of divers persons. One J. A. Walker, who was a clerk in the insurance company, in some way obtained possession of these checks, and having indorsed upon each the name of the payee to whom it was drawn, indorsed them with his own name and delivered them to plaintiff, who deposited them as aforesaid in defendant bank. The latter received payment thereof from the Merchants' National Bank. Later, when it was discovered that the indorsements of the several payees were forgeries, the defendant bank, upon demand of the Merchants' National Bank, repaid to the latter the amount of the checks, and canceled plaintiff's credit for that amount. Since the judgment proceeded upon a directed verdict, the appellant is entitled to the most favorable inference that may be drawn from the evidence.

[2] In the first place, it was shown by the undisputed evidence of a qualified expert that in the case of each check the indorsement of the name of the payee named in the check was written by Walker, the clerk. This evidence, unexplained, coupled with the fact that Walker induced plaintiff to cash the checks, is sufficient prima facie to establish the fact that the indorsement of the name of the payee on each check was a forgery, and the jury might properly have so found.

[3, 4] Assuming that fact to be established, it is quite clear that plaintiff acquired no title to the checks and can claim nothing on their account. This is the effect of section 42 of the Negotiable Instruments Law, which reads as follows:

"Sec. 42. *Forged Signature; Effect of.*—Where a signature is forged or made without authority of the person whose signature it purports to be, it is wholly inoperative, and no right to retain the instrument, or to give a discharge therefor, or to enforce payment thereof against any party thereto, can be acquired through or under such signature, unless the party, against whom it is sought to enforce such right, is precluded from setting up the forgery or want of authority."

See also Stein v. Empire Trust Co., 148 App. Div. 850, 133 N. Y. Supp. 517, and Egner v. Corn Exchange Bank, 42 Misc. Rep. 552, 86 N. Y. Supp. 107. Furthermore by indorsing the checks for deposit, plaintiff guaranteed the validity of the prior indorsements, including the one now alleged to have been forged. The defendant was under no obligation to wait to be sued before making repayment to the Mer-

chants' National Bank. Assuming the payees' signatures to have been forged, defendant stood in no better position towards the Merchants' National Bank than plaintiff stands to defendant. It is therefore of no moment that defendant paid without suit. Oriental Bank v. Gallo, 112 App. Div. 360, 98 N. Y. Supp. 561, affirmed 188 N. Y. 610, 81 N. E. 1170.

The determination and judgment appealed from must be reversed, and a new trial granted, with costs to appellant to abide the event. Order filed.

McLAUGHLIN, CLARKE, and SMITH, JJ., concur.

INGRAHAM, P. J. I dissent from the reversal of this judgment, on the ground that the defendant was never in a position to charge back these checks against the plaintiff's account, as it had not the checks in its possession and could not deliver them to or return them to the plaintiff. As stated in the prevailing opinion, the defendant undoubtedly could have charged back the checks to the plaintiff's account, if the checks had been forged, so that the plaintiff never had title to the checks; but, as a condition for justifying such a charge, the defendant is bound to return the forged checks to the plaintiff. Until it was in possession of the checks, it could not recover from the plaintiff the amount that it had paid him on account thereof; and the same rule should apply to the right of the bank to charge back to its customer the amount of a forged check which the customer had deposited and which had been credited to the customer's account. The defendant was not, therefore, bound to pay to the Merchants' Bank the amount of the forged check until the Merchants' Bank had returned the check to the defendant (see Kearny v. Metropolitan Trust Co., 110 App. Div. 236, 240, 97 N. Y. Supp. 274; Van Wert Nat. Bank v. First Nat. Bank, 6 Ohio Cir. Ct. R. 130; Redington v. Woods, 45 Cal. 406, 424, 13 Am. Rep. 190, and cases cited; Continental Nat. Bank v. Metropolitan Nat. Bank, 107 Ill. App. 455, and cases cited); and the defendant was not entitled to charge back the amount of the checks to plaintiff for the same reason.

I therefore think the judgment should be affirmed.