FINANCE CORPORATION OF NEW ENGLAND, INC. *vs.* MOSES
A. MAYNARD & another.

MOSES A. MAYNARD *vs.* FINANCE CORPORATION OF NEW
ENGLAND, INC.

Suffolk.    March 12, 1924. — May 23, 1924.

Present: RUGG, C.J., BRALEY, DECOURCY, CROSBY, & CARROLL, JJ.

*Bills and Notes,* Partial failure of consideration as a defence reducing
damages.  *Practice, Civil,* Exceptions: harmless error.

At the trial of an action by a corporation, the payee of a promissory note
for $25,000, against an indorser, the defendant contended that his
indorsement was procured through representations by an agent of the
plaintiff that a portion of the proceeds from the discounting of the note
should be used to pay a note of the defendant to a person not named on
the note in suit, and an issue at the trial was, whether or not the alleged
agent had authority to make such an agreement on behalf of the plain-
tiff.  There was evidence tending to show that the note in the suit
was payable at an address which was the plaintiff's, or at another
address, which was that of the office of a second corporation whose
treasurer was the person who made the promise to the defendant and
whose president was the treasurer of the plaintiff.  The person who
made the promise to the defendant testified that the second corporation
was the agent of the plaintiff in " some things."   A previous note made
by the maker of the note in suit had been made payable at the plaintiff's
" or its agent's," the second corporation's, office, both addresses being
definitely described.  The plaintiff had sent the proceeds from the
discounting of the note in suit directly to the address of the second cor-
poration, and that corporation, through its treasurer, had disbursed the
proceeds.  The plaintiff's treasurer testified that he had asked the per-
son who made the promise to the defendant to get information regarding
the proposed indorsers and instructed him to " see the indorsers sign
the note."   *Held,* that it could not be said as a matter of law that there
was no evidence to warrant the jury in finding that the person who
made the promise to the defendant was held out as the plaintiff's agent
for all purposes in connection with obtaining the indorsement of the
defendants on this note.

In the action above described, the jury in a verdict for the plaintiff de-
ducted from the plaintiff's claim loss to the defendant caused by failure
by the plaintiff to perform the promise made by its alleged agent when
he procured the defendant's indorsement.  *Held,* that, since the find-
ing must have been based upon a further finding that the person who

made the promise to the defendant was acting as the plaintiff's agent, the plaintiff was not in the position of a holder in due course and the defendant was entitled to insist upon the defence of a partial failure of consideration.

CONTRACT against Moses A. Maynard and Adoniram Bradley upon a promissory note for $25,000 made by Suffield-Berlin Trap Rock Company, payable to the order of the plaintiff and indorsed by the defendants and others. Writ dated November 10, 1920. Also, an action of

CONTRACT OR TORT by Moses A. Maynard against the plaintiff in the first action to recover damages caused by failure of the defendant to take up and pay a note of the plaintiff amounting to $5,000 payable to one Hastings, the president of Suffield-Berlin Trap Rock Company. Writ dated March 22, 1921.

The actions were tried together before *Raymond*, J. Material evidence and exceptions by the parties are described in the opinion. The trial judge, stating that the same results could be obtained by submitting only the first action to the jury, ordered a verdict for the defendant in the second action. In the first action the jury returned a verdict for the Finance Corporation of New England, Inc., in the sum of $15,900. Both parties alleged exceptions.

*G. S. Ryan*, for Finance Corporation of New England, Inc.

*C. F. Eldredge*, (*H. H. Ballard, Jr. & C. F. Spellman* with him,) for Maynard and another.

DeCOURCY, J. The first action is in contract brought to recover upon a promissory note for $25,000, payable to the order of the plaintiff, made by the Suffield-Berlin Trap Rock Company and indorsed by the defendants. It was tried with the other, an action of contract or tort, for fraudulently inducing Maynard to indorse the note. The trial judge, stating that the same results could be obtained by submitting only the first case to the jury, directed a verdict for the defendant in the second one, subject to Maynard's exception. In the main case the jury returned a verdict for the Finance Corporation (herein referred to as the plaintiff), in the sum of $15,900.

The defendant Maynard was eighty-two and Bradley was

ninety years of age at the time of the trial. It appears that they had become interested as stockholders in the Suffield-Berlin Trap Rock Company, through the solicitations of Hastings and Warner, its president and treasurer. In November, 1919, there matured a six months note for $15,000, signed by both Maynard and Bradley, a $5,000 note signed by Maynard, and another $5,000 note, signed by Bradley, for the benefit of the Trap Rock Company. The note in suit was indorsed by the defendants on November 5, 1919, when said Warner and Hastings, and Morton B. Howard went to the home of the defendant Maynard and later to Bradley's. There was evidence to warrant a finding that Howard, who wrote the note, induced them to indorse it by promising to take up the said three notes outstanding. He admitted that " it was a condition that . . . [he] should pay that $15,000 note "; and in fact he did so, from the proceeds sent to him by the plaintiff, which discounted the note. He denied any agreement to pay the two $5,000 notes.

It is settled by the verdict that the indorsements of the defendants were secured by promises of Morton B. Howard to take up the three outstanding notes. The plaintiff contends, however, that Howard was not authorized as the plaintiff's agent to make such an agreement. As bearing on the scope of his authority, there was the following evidence: The note in suit was payable " at 580 Mass. Ave. Cambridge [the plaintiff's office] or Norris Howard Co. 145 State St.," which was in Springfield. Morton B. Howard was the treasurer of this company, and Forris W. Norris was its president, and was also treasurer of the plaintiff Finance Corporation. Howard testified that the Norris-Howard Company was agent of the plaintiff corporation " In some things." A prior note of the Trap Rock Company to the plaintiff (dated October 25, 1919), was made payable at the office of the plaintiff in Cambridge " or its agents, the Norris-Howard Company, # 145 State Street, Springfield." The plaintiff sent the proceeds of the note in suit direct to Norris-Howard Company; and that company, through its treasurer Howard, disbursed the proceeds, applying $15,000 to the

outstanding note on which the defendants were liable. The plaintiff's treasurer testified that he had asked Howard to get information regarding the proposed indorsers, and instructed him " to see the indorsers sign the note." While much of the evidence indicates that Morton B. Howard was acting for the Trap Rock Company, we cannot say as matter of law that there was no evidence to warrant the jury in finding that he was held out as the plaintiff's agent for all purposes in connection with obtaining the indorsement of the defendants on this note.

The further question is raised by the motion for a directed verdict, whether the failure of the plaintiff's agent to take up the two outstanding $5,000 notes can be availed of in the present action, under the defence of partial failure of consideration. The defendants have duly set up this defence. G. L. c. 107, § 51. And the plaintiff is not in the position of a holder in due course because the jury must have found that Howard, who promised to take up the notes, was acting as its agent. Undoubtedly the default of the plaintiff in the performance of what it was to do, in exchange for their indorsements, gave them a right of action. As matter of justice, the party in default ought not to be permitted to compel them to pay the entire note and then resort to further litigation, if that can be avoided. This is not a case of want of consideration; the original independent promise of the defendants presumably supplied that, as in the cases relied upon by the plaintiff. See *Waterhouse* v. *Kendall*, 11 Cush. 128; *Traver* v. *Stevens*, 11 Cush. 167; *Hubon* v. *Park*, 116 Mass. 541; *Hapgood* v. *Wellington*, 136 Mass. 217; *Turner* v. *Rogers*, 121 Mass. 12. In *Black* v. *Ridgway*, 131 Mass. 80, the consideration for a note was an assignment of an interest in the agency of a certain light company, and an agreement by the plaintiff to purchase all his gas from Ridgway, the maker of the note; and it appeared that the plaintiff violated this agreement. At the trial of an action on the note the jury were instructed that " if the consideration has partially failed, to the extent of the failure thereof it is a defence to the note, and the deduction must be made therefrom." The note was for $300, and the jury returned a verdict for $249.

In overruling the exceptions, this court recognized the right of the defendant to avail of the plaintiff's violation of his agreement as a partial failure of consideration. In *Fort Payne Coal & Iron Co.* v. *Webster*, 163 Mass. 134, the notes sued on were given in part payment of land. By an instrument of even date the plaintiff agreed to convey to the maker on payment of the note, but subsequently it executed a trust deed of all its real estate, including that sold to the maker of the note. The court indicated that this constituted a failure of consideration, justifying him in rescinding the contract. Again, in *Hawks* v. *Truesdell*, 12 Allen, 564, the note in suit was given by one joint owner of property to the other, in consideration of the latter's naming a price which he would give or take for the property. The party receiving the note, after getting the proposal of the other and agreeing to buy his interest at the sum so named, refused to carry out his agreement. It was held that this refusal constituted a failure of consideration available to the defendant in an action on the note. As was said by Chapman, J. " It was a part of the consideration of the note that the party who was to buy the property should fulfil the bargain. Jenks has not fulfilled the bargain, and so the consideration has failed. To hold otherwise would be to disregard the substance and stand upon a quibble." See also *Linnell* v. *Leon*, 206 Mass. 71, 74. There is ample authority in other jurisdictions that such failure to carry out an agreement constitutes a failure of consideration. *Barnes* v. *Stevens*, 62 Ind. 226. *Fink* v. *Chambers*, 95 Mich. 508. *Perkins* v. *Brown*, 115 Mich. 41. *Hoyle* v. *Shirley*, 94 Miss. 466. 43 L. R. A. note 449, 474. And see Williston on Contracts, § 814. On this record, we are of opinion that the omission to take up the $5,000 notes could be found to be a partial failure of consideration, and that the motion for a directed verdict was denied rightly.

The plaintiff filed numerous requests for instructions to the jury. What has been said disposes of many, such as those numbered 1, 2, 3, 13, 14. Others are immaterial on the narrow issue of partial failure of consideration, on which the present action was tried. So far as the requests dealt

with material and disputed issues, their subject matter was sufficiently covered by the charge.    There were also numerous exceptions to the charge itself.    A detailed discussion of them is not called for.    Even if we assume that some portions were open to criticism, it is obvious from the verdict that the plaintiff's substantial rights were not prejudiced thereby. The same is true of the exception to the admission in evidence of a copy of the note of October 25, 1919, in which the Norris-Howard Company was named as " agents " of the plaintiff.    That fact already had been testified to, by Howard, without objection.

In view of the statement in the brief of Maynard and Bradley that they do not press their exceptions in the event that the exceptions of the finance corporation should be overruled, we do not consider them.    In each case the entry must be

*Exceptions overruled.*