# Wytheville.

## W. J. Shepherd, et al., v. Mortgage Security Corporation of America.

### June 12, 1924.

1. Bills, Notes and Checks—*Forgery—Recovery Against Endorser—Case at Bar.*—In the instant case defendant was requested by one T. to sign a note drawn to the order of "myself" as maker. This he declined to do but offered to endorse the note provided that another party should become maker. The note when presented to defendant bore the endorsement of this party. T. undertook to secure this party to sign as maker and thereupon defendant signed as endorser. T. then forged defendant's name as maker and the note was transferred to a holder for value.

   *Held:* That although defendant was not liable as maker, he was liable as endorser, and it was immaterial that his signature as maker was forged.

2. Bills, Notes and Checks—*Endorsement—Liability of General Endorser.*—By section 66 of the negotiable instruments act (Code of 1919, section 5628) a general endorser warrants (1) that the note was genuine and in all respects what it purported to be; (2) that he had a good title to it; (3) that all prior parties had a capacity to contract; (4) that the instrument at the time of its endorsement was valid and subsistent.

3. Bills, Notes and Checks—*Forgery—Tracing Title Through Forgery.*—Under section 23 of the negotiable instruments act (Code of 1919, section 5585), if the plaintiff is obliged to trace title through a forgery he cannot recover.

4. Bills, Notes and Checks—*Endorsement—Irregular Endorser—Liability of Endorser—Order of Endorsement.*—The liability of one who occupies the position of an irregular endorser is fixed by section 64 of the negotiable instruments act (Code section 5626), and under section 68 of the negotiable instruments act (Code section 5630) evidence is admissible to show, as between the endorsers, the order in which they endorsed, or are to be held liable.

Error to a judgment of the Circuit Court of the city of Norfolk, in a proceeding by motion for a judgment for money. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Mann & Tyler*, for the plaintiffs in error.

*Chas. L. Kaufman*, for the defendant in error.

BURKS, J., delivered the opinion of the court.

This was an action by the holder of a negotiable note against the maker and endorsers thereof in which a judgment was rendered for the plaintiff against the endorsers.

The note sued on was as follows:

"$500.00                  .Norfolk, Va., February 10, 1922.

"Sixty days after date I promise to pay to the order of myself, negotiable and payable without offset, at The Seaboard National Bank, of Norfolk, Norfolk, Virginia, five hundred and no/100 dollars.

"The endorsers hereof waive protest, presentment and notice of dishonor, and the makers and endorsers waive the benefit of their homestead exemptions as to this obligation and agree to pay costs of collection, including attorney's fees if incurred.

"W. J. Shepherd.

"Endorsed:

"Lily W. Taylor
"Wm. Henry Taylor
"W. J. Shepherd."

(Ten cents documentary stamps.)

The defendant, Shepherd, filed a special plea, sworn.

to, denying his signature as maker of the note. The case was heard on an agreed statement of facts as follows:

"That on or about the 10th day of February, 1922, William Henry Taylor, who, at that time, was a man in good standing and in good repute in the city of Norfolk, came to the place of W. J. Shepherd with an unsigned note dated February 10, 1922, drawn to the order of 'myself' for the sum of $500.00, payable sixty days after date, being the note now sued upon, except for the signature as maker thereon. This note at that time bore the endorsement of William Henry Taylor and Lily W. Taylor; the said William Henry Taylor then requested the said W. J. Shepherd to become the maker of the said note, but that W. J. Shepherd declined to become the maker thereof, but offered to endorse the note provided Lily W. Taylor or William Henry Taylor should become the maker. Said William Henry Taylor thereupon agreed to have the said Lily W. Taylor make the said note and said W. J. Shepherd endorsed the same as an accommodation endorser, and handed the note to the said William Henry Taylor, who thereupon took the said note and presented it to the plaintiff in this case with the signature of the said W. J. Shepherd to the said note forged thereon and unauthorizedly signed thereto as maker, without the knowledge of W. J. Shepherd, said plaintiff taking the said note before maturity, however, in good faith, thinking that the signature of the maker thereof was the genuine signature of W. J. Shepherd, paying the said William Henry Taylor the sum of $500.00 therefor."

[1-4] As the signature of Shepherd as maker of the note was forged, there could be no recovery against him as maker, but the recovery against him was as an endorser. He was a general endorser, and by section 66 of the negotiable instruments act (Code section 5628)

he warranted (1) that the note was genuine and in all respects what it purported to be; (2) that he had a good title to it; (3) that all prior parties had a capacity to contract; (4) that the instrument at the time of its endorsement was valid and subsistent. Under these circumstances, it was immaterial that his signature as maker was forged. The holder did not trace title through the forgery but relied upon the liability of Shepherd as endorser. Under section 23 of the negotiable instruments act (Code section 5585), if the plaintiff had been obliged to trace title through the forgery, he could not have recovered. *Hillman* v. *Cornett*, 137 Va. 200, 119 S. E. 74; *Hamlin's Wizard Oil Co.* v. *U. S. Exp. Co.*, 265 Ill. 156, 106 N. E. 623; *Giering* v. *Metropolitan Bank*, 170 App. Div. 751, 156 N. Y. Supp. 582; *Grand Lodge* v. *State Bank*, 92 Kan. 876, 142 Pac. 974, L. R. A. 1915-B, 815. But the plaintiff did not trace title through or under the signature of Shepherd as maker. The agreed statement of facts shows that the plaintiff was a holder in due course, as defined by section 59 of the negotiable instruments act (Code section 5621), unless the mere fact of the position of Shepherd's name as endorser deprived him of his rights as a holder in due course. The endorsement on the note as completed, was what is termed an irregular endorsement, but the liability of one who occupies the position of an irregular endorser is fixed by section 64 of the negotiable instruments act (Code section 5626), and under section 68 of the negotiable instruments act (Code section 5630), evidence is admissible to show, as between the endorsers, the order in which they endorsed, or are to be held liable. See also *Cox* v. *Hagan*, 126 Va. 656, 100 S. E. 666. We do not think that the position of the name of Shepherd on the back of the note alters the rights of the plaintiff as a holder in due course.

The defendant, Shepherd, claims relief under section 124 of the negotiable instruments act (section 5686, Code), and relies upon *First National Bank* v. *Gridley*, 112 App. Div. 398, 98 N. Y. Supp. 445, 448, to support his position; but neither that section nor the case cited affect the question before us. It is not a question of alteration of an instrument which was complete when it left the hands of the endorser. In the *Gridley Case*, a note payable to five payees was endorsed by one of them and entrusted to the maker to get the other endorsements. He struck out the name of one of the payees and inserted his own name in lieu thereof, and negotiated it to a third party; and it was held that there could be no recovery against the payee, who had endorsed in blank, on account of the alteration made by the maker. The case has no application to a state of facts like those in the case involved.

We are of opinion that the judgment of the trial court is plainly right and it is therefore affirmed.

*Affirmed.*