ISRAEL HERMAN *vs.* GEORGE SADOLF & others.

Suffolk. November 14, 26, 1935. — May 25, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Bills and Notes*, Consideration, Indorser. *Practice, Civil*, Findings by judge, Requests, rulings and instructions.

Failure of the payee of a note to perform a promise made to induce an indorsement of the note after delivery was, under G. L. (Ter. Ed.) c. 107, § 51, a good defence to an action by the payee against the indorser.

A general finding by a judge for the defendant in an action at law rendered immaterial a denial of requests by the plaintiff for rulings not applicable to facts which must have been found by the judge in order to reach the conclusions resulting in the general finding.

CONTRACT. Writ in the Municipal Court of the City of Boston dated September 6, 1933.

On removal to the Superior Court, the action was heard by *Brogna*, J., without a jury. He found for the defendant Lawrence Sadolf. The plaintiff alleged exceptions.

*S. Sigilman*, for the plaintiff, submitted a brief.

*F. Wilson*, for the defendant Lawrence Sadolf.

RUGG, C.J.   This is an action of contract on a promissory note by the payee against the makers and an indorser. The only questions to be decided relate to the alleged liability of Lawrence Sadolf, an indorser, hereafter called the defendant.   The defendant in his answer admitted his signature on the reverse side of the note, but averred that such signature was placed on the note after delivery to the plaintiff and without any consideration.   The case was heard by a judge without a jury.   There was much conflicting testimony.   At its close, counsel for both parties handed requests for rulings of law to the trial judge.   He glanced over the requests and then said to counsel: "Now, gentlemen, doesn't it really come down to this: Isn't it really a question as to which side I believe?"   Both counsel agreed that this was so and immediately proceeded with the argument.   The trial judge retained the requests of both parties, took the matter under advisement, and at a later date, assuming that the requests had been waived, made a general finding for the defendant in the absence of counsel, without further action upon the requests for rulings.   The exceptions of the plaintiff relate to this "denial" of his requests for rulings.

There was evidence to support the general finding for the defendant.   There was testimony by the defendant tending to show these facts: The defendant's father, and later his brother, carried on a business under the name "Universal Clothing Company."   The plaintiff made a loan of $1,000 to the brother on a note signed by that brother and his father about seven years before the trial, the cash being delivered by one Hurovitz, the son-in-law of the plaintiff.   Every four months a renewal note together with $40 interest was delivered to Hurovitz for the plaintiff.   The note in suit was such a renewal note signed by the brother and father, dated October 5, 1932, payable to the order of the plaintiff in four months.   The brother was petitioned into bankruptcy in January, 1933.   The possibility that the defendant might carry on a clothing business on his own account and the need of borrowing money for that purpose were discussed by him with Huro-

vitz. A little later Hurovitz told him that the plaintiff would lend the defendant $2,000, but that first the defendant was to indorse the outstanding note here in suit. This the defendant did before the maturity of the note; but the plaintiff refused to lend him the $2,000 and later brought this action on his indorsement. There was testimony introduced in behalf of the plaintiff sharply in conflict with that already recited and denying any such agreement to advance $2,000 to the defendant. There was further testimony as to the extent of the authority of Hurovitz to represent the plaintiff. It is not necessary to narrate the evidence in greater detail.

The general finding of a trial judge in an action at law based upon oral testimony must stand if warranted upon any rational view of the evidence. It is not the function of this court to pass upon the weight or credibility of evidence even though reported in full. The only question is whether the findings can be sustained upon the evidence with the reasonable inferences which might be drawn therefrom. *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, 143. *Topjian* v. *Boston Casing Co. Inc.* 288 Mass. 167. *Graustein* v. *H. P. Hood & Sons, Inc.* 293 Mass. 207, 220. In the case at bar it well might reasonably have been found upon the testimony of the defendant that he indorsed the note, long after its date and delivery to the plaintiff and before its maturity, in return for a promise by Hurovitz that the plaintiff would lend the defendant $2,000 to enable him to carry on the clothing business. That promise was not fulfilled. If that was found to be the fact, there was a failure of consideration for the defendant's indorsement. This is available as a defence to an action on the note by the payee. G. L. (Ter. Ed.) c. 107, § 51. The testimony of the defendant, if believed, was sufficient to overcome his *prima facie* liability under G. L. (Ter. Ed.) c. 107, § 47. In *Finance Corp. of New England, Inc.* v. *Maynard,* 249 Mass. 294, an action was brought by the payee on a note indorsed by the defendants. The evidence in that case warranted a finding that the indorsements were induced by a promise that certain other notes on which the defendants were liable would

be taken up. Omission to perform this promise was held to constitute to that extent partial failure of consideration. There was testimony in the case at bar to support a finding that the plaintiff parted with nothing to secure the indorsement of the defendant and gave no consideration whatever for it, and that the defendant signed solely because of a promise which was not performed.

The exceptions in the instant case relate entirely to the conduct of the trial judge in ignoring the plaintiff's six requests for rulings. No decision is required on the point whether the plaintiff waived his requests for rulings by his agreement with the trial judge just prior to the argument, as already narrated. It is assumed for the purposes of this case that the trial judge in effect denied those requests so far as relevant to the issues. *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, 18–19. *Simmons* v. *Poole,* 227 Mass. 29, 34. *American Congregational Association* v. *Abbot,* 252 Mass. 535. Those requests were of this tenor: "1. On the admissions of the defendant Lawrence Sadolf in his answer as amended, and on the evidence it appears that he signed his name on the reverse side of the note declared on. 2. Even if the court should find that George Hurovitz, purporting to act for and in behalf of the plaintiff as the plaintiff's agent, promised said Lawrence Sadolf that if he would sign his name on the reverse side of said note as indorser thereof the plaintiff would advance a loan to said Lawrence Sadolf, such promise was not binding on the plaintiff unless the court shall also find that the plaintiff authorized said Hurovitz to make that promise for and in behalf of the plaintiff. 3. There is not sufficient evidence to warrant a finding that the plaintiff authorized said Hurovitz to make that promise for and in behalf of the plaintiff. 4. Even if the court should find that said Lawrence Sadolf signed his name on the reverse side of said note without the giving of any consideration therefor by the plaintiff to him, nevertheless said Lawrence Sadolf thereby incurred the liability to the plaintiff of an indorser of said note if the court shall also find that he so signed the note for the accommodation of one or both of the makers

thereof. 5. On all the evidence it appears that said Lawrence Sadolf so signed the note for the accommodation of one or both of the makers thereof, or for the consideration for which the note was given to the plaintiff. 6. The notary public's certified protest is *prima facie* evidence of the facts stated in the protest and of the giving of notice to said Lawrence Sadolf." If these requests had been granted instead of ignored, the decision of the trial judge would unquestionably have been the same. It is manifest that the trial judge, in view of his statement, assented to by both parties, that his decision would depend on his belief of the testimony in behalf of one side or the other, gave credence to the testimony of the defendant and disbelieved that in behalf of the plaintiff. There was no possibility of reconciling the testimony; if that of the defendant was believed, that in behalf of the plaintiff must have been discredited. The general finding in favor of the defendant in these circumstances was the equivalent of a finding that the testimony of the defendant was accepted as true in substance, and the facts found to be in accordance with that testimony. The first and sixth requests were not inconsistent with the finding of the trial judge. The second and third requests relate to the authority of Hurovitz to make the promise in behalf of the plaintiff to lend the defendant $2,000 in return for his indorsement. Those requests are not relevant to the defence of want of consideration. They deal with the extent of Hurovitz's authority to bind the plaintiff. This action is not against the plaintiff on the alleged promise to lend the stated sum of money. It is of no moment on the record as a whole whether the plaintiff was bound by Hurovitz's promise, or not. The issue on trial was whether the defendant was bound by his indorsement. The failure of consideration for that indorsement was complete on the testimony of the defendant even though Hurovitz had no authority to bind the plaintiff. His agency or want of agency for the plaintiff in this respect did not affect the defence of want of consideration set up by the defendant and his testimony on that point. The fourth and fifth requests were rightly denied

because they were based on the theory that the defendant's indorsement was given for the accommodation of the makers of the note. There was ample evidence presented by the defendant to support the conclusion that the indorsement was given by him, not for the accommodation of either or both makers but in return for a promise that money would be advanced to him. According to the testimony of the defendant, his indorsement was not made to help the credit of the makers because it was made long after the note had been delivered and not in pursuance of any preëxisting promise. The intention of the defendant in placing his name on the note was solely to secure credit for himself. It follows that the plaintiff shows no reversible error. The denial of the several requests did no harm to the plaintiff in view of the findings of fact upon which the decision of the trial judge must have rested as an inevitable inference from the whole record. The general finding in favor of the defendant by the trial judge was based on the testimony of the defendant and was amply supported by it.

*Exceptions overruled.*