Wilson, J.
This is ah action of contract for money had and received, brought by the plaintiffs to recover the sum of $91.00, being the amount of a charge made by the defendant against the account of the plaintiffs in the defendant bank. The answer was a general denial.
At the trial there was evidence tending to show that the defendant discounted a note purporting to be signed by George A. McLean, Bertha McLean, and at least one other person; that the defendant, in exchange for said note, gave to an unidentified person, not to either of the payees, a cash *356 ier’s check for $91.00, payable to George A. McLean and Bertha McLean. Said check was presented to the plaintiffs by one Abbott, daughter of the payees. At that time it bore endorsements purporting to be those of the payees named therein. They took the same in good faith, for valid consideration, and without notice of any irregularities. Some time later the defendant discovered the signatures of George A. McLean and Bertha McLean, on both the note and endorsed on the check, were forgeries and charged the amount of the check to the plaintiffs’ account in the defendant bank.
The defendant seasonably presented seven requests for rulings, of which the trial judge gave all except those numbered 4 and 6, which were as follows:
4. The defendant is not precluded from setting up the forgery or want of authority.
6. If the plaintiff is obliged to trace title through a forgery, he cannot recover. Shepherd v. Mortgage Security Corp., 139 Va. 274; 123 S. E. 553.
As to the rulings which the judge gave, “clearly the defendant cannot be heard to complain that its requests were granted and we need not consider whether these rulings were right.” Korb v. Albany Carpet Cleaning Company, Mass. Ad. Sh. (1938) 1621, 1622. Woodman v. Haynes, 289 Mass. 114, 118. Baker v. Davis, Mass. Adv. Sh. (1938) 237, 240. It was said in Adamaitis v. Metropolitan Life Insurance Company, 295 Mass. 215:
“The trial judge . . . performs a dual function. He must adopt correct rules of law for his guidance and find the facts as guided by those rules. And upon proper requests therefor he must state the rules of law adopted for his guidance as a trier of fact in order that the right of review thereof may be preserved.”
*357 The instant case is not an action upon a check but is an action for the recovery of money received by the defendant from the plaintiffs in a transaction growing out of the deposit with the defendant of a check upon which the payees’ names were forged.
It does not fall within that group of cases where it has been held the holder of a forged check, upon which the signature of the payee has been forged, cannot proceed against the bank in contract, because there is no priority between the holder and the bank. (See authorities cited in Blacker and Shepard Company v. Granite Trust Co., 284 Mass. 9, 13).
The finding for the plaintiffs was a general finding, unaccompanied by any specific finding of fact.
Such a general finding must stand if warranted upon any rational view of the evidence. Herman v. Sadolf, 294 Mass. 358, 360, and cases there cited.
The issues at the trial in the instant case were not confined to the rights of the parties arising out of the check itself, as to which see General Laws (Ter. Ed.) Chapter 107. One issue of fact related to the manner in which the deposit of the check was dealt with by the defendant. Whether the defendant bank was negligent in not discovering the forgery at the time of the deposit of the cheek was an issue of fact for the trial court. It does not appear when, if at all, the bank notified the plaintiffs of the forgery. All that appears is that the bank charged the account of the plaintiffs with the amount of the check “upon discovering the forgery.” See Shepard & Morse Lumber Company v. Eldridge, 171 Mass. 516, 533. Blacker and Shepard Company v. Granite Trust Co., 284 Mass. 9, 13.
No request for ruling, filed by the defendant, called the attention of the trial court to the sufficiency of the evidence *358 on the issue of the negligence of the bank. Spencer v. Burakiewics, 288 Mass. 83, 85. In the absence of such a request, the general finding of the trial court cannot be reversed. Ryder v. Lexington, Mass. Adv. Sh. (1939) 939, 945. State Street Trust Company v. Lawrence, 284 Mass. 355. Worcester v. L. Rocheford & Son, Inc., Mass. Adv. Sh. (1938) 827. See Himelfarb v. Novadel Agene Corporation, Mass. Adv. Sh. (1940) 499, 501.
It seems to us that the case at bar falls within the rule stated in Danvers Bank v. Salem Bank, 151 Mass. 280, 283, in the following language:
“Where a loss which must be borne by one of two parties alike innocent of the forgery can be traced to the neglect or fault of either, it is reasonable that it should be borne by him, even if innocent of any intentional fraud, through whose means it has succeeded. Gloucester Bank v. Salem Bank, 17 Mass. 33.”
See also Jordan Marsh Company v. National Shawmut Bank, 201 Mass. 397, 406. Quincy Mutual Fire Insurance Company v. International Trust Company, 217 Mass. 370, 373.
It could have been found that the defendant bank was negligent in issuing its cashier’s check in return for a note bearing forged signatures of the makers, and, also, that it was negligent in not detecting the forgery of the signatures of the payees when the check was presented for payment. It could also have been found that the circumstances under which the plaintiffs received the check were not such as to create any suspicion in the mind of the plaintiffs as to the genuineness of the check in all respects.
No prejudicial error appearing, the report is dismissed.