In re Ronald Henry MATULA, and Delores Williams Matula, Debtors.

### HOUSEHOLD FINANCE CORPORATION, Plaintiff,

v.

### Ronald Henry MATULA, and Delores Williams Matula, Defendants.

### Bankruptcy No. 80–02160. APN 800975.

United States Bankruptcy Court, E. D. Virginia, Newport News Division.

Jan. 15, 1981.

Billy C. Brooks, Newport News, for debtors.

Albert C. Selkin, of Selkin & White, Norfolk, Va., for Household Finance Corp. and Diana Matula, co-debtor.

HAL J. BONNEY, Jr., Bankruptcy Judge.

May a creditor pursue a non-bankruptcy co-debtor for that portion of the debt the creditor will not receive under the debtors' Chapter 13 plan?

The Matulas filed a Chapter 13 bankruptcy petition on April 21, 1980, whose plan proposes to pay the unsecured creditors twenty percent [20%] of claims duly proved and allowed. The debtors' plan was confirmed on June 13th.

On November 3, 1980, Household Finance Corporation filed a complaint for relief from the automatic stay preventing pursuit of co-debtors imposed by 11 U.S.C. § 1301. The creditor argues that it should be allowed to pursue the co-debtor, Diana Matula, for the eighty percent [80%] it will not receive under the plan.

Clearly, it was the intent of the Congress in rewriting the bankruptcy laws in their entirety to encourage debtors to file Chapter 13 petitions as an alternative to straight bankruptcy. House Report No. 95–595, 95th Cong., 1st Sess. (1977) 430–31, U.S. Code Cong. & Admin.News 1978, p. 5963; Report of the Commission on the Bankruptcy Laws of the United States, H.R.Doc.No. 93–137, 93rd Cong., 1st Sess. (1973) 157–67.

In return for Chapter 13 debtors paying their creditors more than they would receive in a Chapter 7 liquidation, a number of "incentives" were placed in the Code. The feature most widely hailed and condemned relates to the dischargeability provisions of the Chapter, but there are others and one of them would protect the non-bankruptcy co-debtor of the debtor.

Indeed, the curtain rises on Chapter 13 with the automatic stay of action against the co-debtor. 11 U.S.C. § 1301. What is in effect an injunction prohibits creditor action against this fellow who in some manner guaranteed the debtor's indebtedness. The provisions of the section speak to the stay's duration, its exceptions and the mode of relief.

The issue arose occasionally under the Bankruptcy Act and the more liberal courts would enjoin pursuit of a co-debtor if requested to do so by the Chapter XIII debtor. On the other hand, many courts would not. It was a matter of discretion with a

sharply divided authority among the courts. Being chiefly courts of equity, they applied salve as the circumstances required.

It doth now appear that former case law, pro or con, no longer obtains; the answer lies within the Code or at least within the intent of its drafters.

But before turning to the Code, it seems appropriate to at least recite that under State law a co-debtor is obligated on the instrument "according to its tenor." Indeed, this is statutory, Section 8.3–414, Code of Virginia, as amended, and is clearly followed in case law. *Shepherd v. Mortgage Securities Corp.*, 139 Va. 274, 123 S.E. 553 (1924).

The legislative history of Section 1301 leaves no doubt that a creditor may pursue a co-debtor with such language as

"Under the terms of the agreement with the co-debtor who is not in bankruptcy, the creditor has a right to collect all payments to the extent they are not made by the debtor at the time they are due. To the extent to which a chapter 13 plan does not propose to pay a creditor his claims, the creditor may obtain relief from the court from the automatic stay and collect such claims from the co-debtor.

Senate Report No. 95–989, 95th Cong., 2d Sess. (1978) p. 138, U.S.Code Cong. & Admin.News 1978, pp. 5787, 5924.

Also see House Report No. 95–595, 95th Cong., 1st Sess. (1977) p. 426.

To be rather specific, subsection (c) of 1301 provides

"(c) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided by subsection (a) of this section with respect to a creditor, to the extent that—

(1) . . .

(2) the plan filed by the debtor proposes not to pay such claims; or

(3) . . ."

It is, therefore, established that save for a 100% plan, upon the granting of relief by the Court, a creditor may pursue his rights according to the tenor of the instrument against the co-debtor to the extent he is not paid under the debtor's plan.

Dictum

It would appear—but subject to the facts in a particular case and legal argument—that the filing of a Chapter 13 petition does not accelerate the loan so that the co-debtor becomes immediately liable for the remaining 80%, 50% or whatever. The co-debtor is liable for the difference between what is paid and what is required to keep the contract current.

It would further appear that the co-debtor may be subrogated to the rights of the creditor and against the debtor to the extent of the co-debtor's contribution.

Instantly, Household Finance Corporation is relieved from the stay of 11 U.S.C. § 1301 to pursue the co-debtor according to the tenor of this opinion.

IT IS SO ORDERED.