FRANKLIN SAVINGS BANK *vs.* INTERNATIONAL TRUST COMPANY.

Suffolk.   March 12, 13, 1913. — June 17, 1913.

Present: RUGG, C. J., HAMMOND, LORING, & DE COURCY, JJ.

*Municipal Corporations,* Officers and agents. *Bills and Notes. Bank. Conversion.*

The treasurer of a town has no authority to indorse for circulation a check payable to the order of the town.

If a check payable to the order of a town is indorsed in blank in the name of the town by the treasurer of the town and is deposited in a bank by one of the bank's customers not connected with the town, this is notice to the bank of a defect in the title of the depositor, and, if the bank pays out the proceeds of the check upon drafts of the depositor and the town receives no part of such proceeds, this is a conversion for which the bank is liable to the drawer of the check.

CONTRACT OR TORT for $24,122.22, the amount with interest of a check drawn by the plaintiff upon the Second National Bank of Boston payable to the order of the town of Framingham, the

declaration containing two counts, the first for the alleged conversion of the check, and the second for money had and received. Writ dated December 8, 1911.

In the Superior Court the case was tried before *Sanderson*, J. It appeared that the check was indorsed "Town of Framingham, by John B. Lombard, Treasurer," and thus indorsed was presented, on November 30, 1908, to the receiving teller of the defendant by the American Banking Company, a depositor and customer of the defendant, for deposit, and was credited to its account. On December 1, 1908, the defendant through the clearing house collected the amount of the check from the Second National Bank of Boston, and the proceeds of the check were drawn out by the American Banking Company. The check in question was given by the plaintiff on November 30, 1908, to one Mead in payment for what purported to be a note of the town of Framingham for $25,000 issued in anticipation of the taxes for the year 1908. The plaintiff had on two former occasions bought from Mead notes of the town of Framingham, and they had been paid at maturity. The note for which the plaintiff gave the check was not authorized by the town, the signatures of the two selectmen upon it were forged, and the town did not receive the proceeds of the check; but these facts were not known to the plaintiff at the time of the transaction. John B. Lombard wrote the indorsement upon the check and was treasurer of the town of Framingham at the time that he did so.

Against the defendant's exception the judge ordered a verdict for the amount of the check with interest from the date of the writ, the plaintiff claiming interest from December 1, 1908, the time of the alleged conversion. By agreement of the parties, the judge reported the case. If his ruling that the plaintiff was entitled to recover was correct, judgment for the plaintiff was to be entered for the amount of the check with interest from the date of the writ, unless it should be held that the plaintiff was entitled to interest from December 1, 1908, in which case judgment was to be entered for the plaintiff for the amount of the check with interest from that date. If the ruling was wrong, judgment was to be entered for the defendant, unless upon the evidence there was a question of fact for the jury, in which event the case was to stand for trial in the Superior Court.

*M. Storey & R. G. Dodge,* for the plaintiff.

*R. M. Morse,* for the defendant.

HAMMOND, J.  In view of the decisions of this court as to the powers conferred by law upon a town treasurer, this seems a simple case.  The check was made payable to the town of Framingham and could be put into circulation only by the indorsement of the town acting by its agent duly authorized for that purpose.  The only indorsement in the name of the town was made by Lombard, the treasurer, in these words: "Town of Framingham, by John B. Lombard, Treasurer."  But he as treasurer had no power to indorse the check for circulation.  His only power was to indorse it for deposit for collection to the account of the town.  The check was not received for deposit on account of the town, but on account of the American Banking Company, one of the defendant's depositors, to which on the same day the defendant gave a certified check for an amount which included very nearly the whole amount of the check in question.

The infirmity in the title of the American Banking Company to the check was thus apparent upon the check itself with the indorsement, when interpreted under the law, and the defendant must be held to have had knowledge of it.  Having taken the check with such knowledge it is answerable to the plaintiff for the proceeds.  The case is clearly distinguishable from *Fillebrown* v. *Hayward,* 190 Mass. 472, upon which the defendant places much reliance.  The treasurer in that case was treasurer of a private corporation, not of a town.  The distinction between the general powers of these two officers as to commercial paper has been frequently stated by this court.  For cases illustrative of the law applicable to the present case see *Smith* v. *Cheshire,* 13 Gray, 318; *Lowell Five Cents Savings Bank* v. *Winchester,* 8 Allen, 109; *Abbott* v. *North Andover,* 145 Mass. 484, and cases cited; *Newburyport* v. *Fidelity Mutual Life Ins. Co.* 197 Mass. 596.  See also *Holden* v. *Phelps,* 135 Mass. 61.

The principle also invoked by the defendant that where one of two innocent parties must suffer, the loss must rest where it falls, is for manifest reasons not applicable.

There was no prejudicial error in the admission of the evidence relating to the purchase of the note by the plaintiff and the making and negotiation of the check in payment therefor.  The check was

wrongfully received by the defendant, who was guilty of conversion on that day. By the terms of the report there should be judgment for the plaintiff, with interest from December 1, 1908.

*So ordered.*