## QUINCY MUTUAL FIRE INSURANCE COMPANY *vs.* INTERNATIONAL TRUST COMPANY.

Suffolk. March 3, 1914. — March 31, 1914.

Present: HAMMOND, LORING, SHELDON, & CROSBY, JJ.

*Municipal Corporations,* Officers and agents.    *Bank,* Unauthorized official indorsement of deposit.    *Bills and Notes.    Conversion.    Estoppel.*

A town treasurer has no authority by virtue of his office to indorse for transfer or circulation a check payable to the order of the town.

A bank, which receives for deposit in the account of one of its depositors a check payable to a town and indorsed by the town treasurer, if it collects the check and treats the proceeds as standing to the credit of its depositor who in no way represents the town, is liable to the drawer of the check for the amount of such proceeds. Following *Franklin Savings Bank* v. *International Trust Co.* 215 Mass. 231.

A bank, which is sued by the drawer of a check, payable to the order of a town, that was indorsed in blank by a dishonest town treasurer and was collected by the bank, which credited its proceeds to the account of one of its depositors, cannot be heard to contend that delay and negligence on the part of the drawer of the check in asserting his claim has released it from liability, if there is nothing to show that the bank's position is different from what it would have been if the drawer's action had been brought immediately after the check had been received and collected by the bank and its proceeds had been placed to the credit of the bank's depositor.

TORT OR CONTRACT, the first count for the alleged conversion of a check for $24,066.66, dated November 9, 1908, drawn by the plaintiff to the order of the treasurer of the town of Framingham and purporting to have been indorsed by such treasurer in behalf of that town, and the second count in contract for $30,099.36 according to an account annexed, consisting of an item of $24,066.66, the amount of the check above named, and a second item of $6,032.70 for interest to the date of the writ. Writ dated January 14, 1913.

In the Superior Court the case was submitted to *White, J.,* upon admitted facts, the answers of the defendant's president to certain interrogatories and an offer of proof made by the plaintiff of evidence which was excluded by the judge. The plaintiff bought from one Cummings, who was the treasurer of the American Banking Company, an instrument purporting to be a promissory note of the town of Framingham for $25,000, dated October 29, 1908. It was signed in the name of the town by John B. Lombard, the town treasurer, and purported to be countersigned by two of the selectmen of Framingham. The plaintiff's check was given for this note. Cummings on receiving the check obtained Lombard's indorsement upon it and deposited it with the defendant to the credit of the American Banking Company. The defendant collected the check, and the proceeds were paid out on checks of the American Banking Company drawn on the defendant. On October 15, 1909, the supposed note of the town of Framingham for $25,000 matured, and was not paid, and the plaintiff then learned that the note never had been

authorized by the town and that the signatures of the selectmen had been forged by Lombard with the collusion of Cummings.

The judge ruled that the plaintiff was entitled to recover the amount of the check with interest from November 11, 1908, amounting in all to $31,402.98, and ordered the jury to return a verdict for the plaintiff in that sum.

With the consent of the parties the judge reported the case for determination by this court upon the pleadings, the admitted facts, the answers to the interrogatories and the offer of proof. If the ordering of the verdict by the judge was correct, judgment was to be entered for the plaintiff on the verdict. If a verdict should have been ordered for the defendant, judgment was to be entered for the defendant. If the evidence presented a question for the jury, or if any of the rulings upon the admissibility of evidence was both material and erroneous, there was to be a new trial.

*R. M. Morse*, for the defendant.

*R. G. Dodge*, for the plaintiff.

CROSBY, J.    This action grows out of the dishonest conduct of John B. Lombard, formerly treasurer of the town of Framingham, acting in collusion with one Charles S. Cummings.

The check received from the plaintiff, being payable to the order of "Treas. of Town of Framingham," in legal effect stands upon the same footing as if payable to the town, and the money which it represented belonged to the town, which was the real payee of the check. *Commercial Bank* v. *French*, 21 Pick. 486. *Eastern Railroad* v. *Benedict*, 5 Gray, 561. *Colburn* v. *Phillips*, 13 Gray, 64. R. L. c. 73, § 59. Of course the defendant cannot successfully plead ignorance of the law relating to negotiable instruments as a defense to this action.

The check then being the property of the town, the power of the treasurer Lombard to negotiate it was limited to such authority as was given him by law. He had no legal authority to indorse the check for circulation, and knowledge of such want of authority was chargeable to the defendant, which, as the record shows and the defendant admits, dealt with the American Banking Company as being the owner of the check and not merely as being an agent to collect it for the town. The town treasurer Lombard had limited powers as such to indorse the check. He

could have indorsed it for deposit and collection to the account of the town, or for the purpose of providing an agent of the town with funds to pay a note or other obligation of the town then due and outstanding, but it was wholly beyond his power as treasurer to indorse it for circulation.

The record shows that the defendant collected the check and credited the proceeds to the account of its depositor, the American Banking Company. The defendant was charged with knowledge that the check was the property of the town, because that fact was apparent on its face and the indorsement thereon. The defendant dealt with it as the property of the banking company, and thereby became in law liable to the plaintiff for the proceeds thereof. *Franklin Savings Bank* v. *International Trust Co.* 215 Mass. 231. *Brown* v. *First National Bank of Boston,* 216 Mass. 298. *Newburyport* v. *First National Bank of Boston,* 216 Mass. 304.

The defendant contends that this case is to be distinguished from *Franklin Savings Bank* v. *International Trust Co., ubi supra,* but we are unable to perceive such distinction. See also *Smith* v. *Cheshire,* 13 Gray, 318; *Railroad National Bank* v. *Lowell,* 109 Mass. 214; *Abbott* v. *North Andover,* 145 Mass. 484.

The defendant relies upon the doctrine that where one of two innocent parties must suffer by the fraud of a third person the loss must rest where it falls, especially if it falls upon the party whose negligence causes the loss. The case of *Gloucester Bank* v. *Salem Bank,* 17 Mass. 33, is cited to sustain this principle of law. In that case the defendant bank bought certain notes purporting to have been issued by the plaintiff bank, but upon which the name of the president had been forged. These notes were paid by the plaintiff, and fifteen days afterwards the plaintiff, having discovered the forgeries, returned the notes to the defendant and later brought an action against the defendant to recover the amount so paid. Both the plaintiff and the defendant in that case were equally innocent and ignorant of the invalidity of the notes. It was held that as the plaintiff kept the notes for fifteen days after they were received, it was guilty of that degree of negligence which precluded it from calling upon the defendant to make good the notes, and that the circumstances showed an adoption of them by the plaintiff as its own notes, and that, as the notes

purported to have been issued by the plaintiff, who had the best means of detecting their invalidity, nothing short of immediate notice and demand for payment could authorize the plaintiff to maintain an action for the money paid.

The principle is well established that in such cases, where no fault or negligence is imputable to either party, generally the loss will remain where the transaction has placed it. *Mackintosh* v. *Eliot National Bank*, 123 Mass. 393, cited by the defendant, was a case where the clerk of the plaintiff forged the plaintiff's signature to three checks the blank forms of which were taken from the plaintiff's check book. One of the checks was presented by the clerk to the defendant bank and cashed, and the other two were delivered to a third person and paid to the latter by the defendant through the clearing house. It was held that the defendant bank must bear the loss, and that the plaintiff was not bound by his clerk's unauthorized acts.

*First National Bank of Danvers* v. *First National Bank of Salem*, 151 Mass. 280, also relied on by the defendant, was an action wherein the plaintiff sought to recover from the defendant the amount of a forged check in the name of one of the plaintiff's customers. The amount of this check afterwards was redeemed by the plaintiff to the defendant. It was found that the defendant was guilty of negligence in cashing the check without more inquiry as to its genuineness, and that the plaintiff was also negligent in not having more quickly discovered the forgery and in not having given notice thereof to the defendant. It was further found (p. 284) "that in fact this negligence has not prejudiced the defendant. . . . The plaintiff acted with entire promptitude when the forgery was discovered, and no negligence on its part has prejudiced the defendant." It was accordingly held that the plaintiff was entitled to recover.

There is nothing in the case of *Brown* v. *Newburyport*, 209 Mass. 259, favorable to the defendant's contention. The cases cited by the defendant and above referred to relate to forgeries of commercial paper where the paper appears regular upon its face, and there is a duty to notify the bank promptly, that it may take measures to protect itself; but where, as in this case, the infirmity of the check is apparent upon its face with the indorsement thereon, such cases have no application.

In view of the undisputed facts in this case the principle that where one of two innocent persons must suffer by reason of the fraud of a third the loss must rest where it falls, is not applicable.

The defendant also contends that delay and negligence on the part of the plaintiff in asserting its claim has released the defendant from liability, if such liability ever existed. There is nothing in the record to show that the defendant's position is different from what it would have been if an action had been instituted against it by the plaintiff immediately after the check had been received and collected by the defendant and its proceeds placed to the credit of the American Banking Company.

In view of the admitted facts the liability of the defendant is established.

In accordance with the terms of the report, judgment must be entered for the plaintiff on the verdict.

*So ordered.*