STATE OF INDIANA, FOR THE USE OF LINCOLN TOWNSHIP OF ST. JOSEPH COUNTY *v.* CITIZENS NATIONAL BANK.

[No. 13,466. Filed February 28, 1930.]

*Roy Sheneman* and *Henry M. Dowling,* for appellant.
*Virgil Nobles* and *Shively, Gilmer & Arnold,* for appellee.

NICHOLS, J.—Action by appellant against appellee to recover with respect to checks, warrants and orders belonging to the school township and which, at the instance of Ira W. Place, trustee of said township, appellee cashed with knowledge, or reasonable opportunity to know, that said Place was then and there unlawfully collecting the proceeds of said instruments to use for his own private benefit, and not officially.

There were 20 paragraphs of complaint, in which it is averred that from December 10, 1923, to April 25, 1925, on 10 distinct dates, Place, as such trustee, came into possession of 10 different warrants for divers sums of money owing said school township from divers makers, which were respectively cashed by appellee bank on or about the date of their execution, the respective amounts of said warrants, and the approximate dates when so cashed being:

| | |
|---|---:|
| December 10, 1923 | $ 39.28 |
| January 27, 1924 | 481.98 |
| July 23, 1924 | 408.66 |
| August 13, 1924 | 125.26 |
| August 23, 1924 | 184.00 |
| September 8, 1924 | 1,152.17 |
| December 2, 1924 | 500.00 |
| January 23, 1925 | 476.33 |
| April 9, 1925 | 700.00 |
| April 25, 1925 | 1,000.00 |
| Total | $5,067.68 |

Appellee demurred to each paragraph of the complaint. The demurrer to each of the first 10 paragraphs presents the question of appellee's liability to appellant for the actual value of the several instruments by reason of having knowingly and willingly abetted Place in misappropriating the proceeds. The demurrer to each of the last 10 paragraphs presents the question of appellee's liability to appellant for the conversion of the several checks, warrants and orders to its own use.

The demurrer to each paragraph of complaint was sustained, to which ruling appellant excepted, and, refusing to plead over, final judgment was rendered against it, from which this appeal.

The error relied upon for reversal is the ruling of the court in sustaining appellee's demurrer to each, separately and severally, of the paragraphs of complaint.

It is averred in the first paragraph of complaint that
appellee is a national bank having its place of business
in South Bend, Indiana, which city is located 21 miles
from Walkerton, St. Joseph County, Indiana, and a like
distance from Lincoln Township in said county; that,
on November 7, 1922, one Ira W. Place was elected
township trustee of such township, and thereafter duly
qualified and entered upon the duties of the office; that,
by reason of said election, he also became the duly
elected and qualified school trustee of said Lincoln
School Township and continued to act in such capacity
during all the times hereinafter mentioned; that, at the
several times hereinafter stated, it was the duty of said
Place, as such school trustee, to deposit all funds, checks,
warrants and evidence of indebtedness belonging or
owing to said Lincoln School Township in the public de-
positories designated by the township board of finance
of said township as required by law; that on the —— of
January, 1923, said board of finance duly designated as
public depositories for all moneys belonging or owing to
said Lincoln School Township the Farmers' State Bank
and the State Bank of Walkerton, each of which banks
was located in the town of Walkerton, in said township,
which two institutions thereafter duly qualified under
the public depository law of the state and were the only
depositories designated as such; that thereafter, Place
deposited, as such school trustee, large sums belonging
to said school township and Lincoln Civil Township in
each of said depositories and usually conducted his
banking business as such trustee at said banks, which
facts were at all times herein mentioned well known to
appellee; that, in the course of his official duties, Place,
on or about December 10, 1923, received for and on be-
half of said school township, and as its property, a
township warrant-check drawn by Charles Westbrook,
trustee of Oregon Township, Starke County, Indiana,

and payable to said Place, reading as follows: "Form Prescribed by the State Board of Accounts. The D. H. Goble Printing Company, Greenfield, Indiana, Township (Book) Form No. 6. No. 352. Office of Township Trustee. Township Warrant-check. Hamlet, Ind. Dec. 10, 1923. Pay to Ira Place or Order Thirty-nine 28/100 Dollars. Out of the Township Fund. Fund No. 7. For what given: Transfers. Payable at Hamlet State Bank, Hamlet, Ind. [Signed] Chas. Westbrook, Trustee Oregon Township, Starke County. DCJ"; that said instrument was at all times herein mentioned of the actual value of $39.28 and was drawn to Place for moneys lawfully owing to Lincoln School Township for transfers of pupils from Oregon Township, Starke County to Lincoln Township, St. Joseph County, and was at all times herein mentioned the property of said Lincoln School Township; that, on receiving said instrument, it became the official duty of said school trustee, under the laws of the state, to deposit the same in one of the said designated public depositories in Walkerton; that, in violation of his said official duty, Place wrongfully and fraudulently sought to obtain and appropriate to his own individual use all of the money represented by said instrument and, to that end, and in order fraudulently to conceal the fact from said Lincoln School Township he had personally collected the same, and on, or about December 10, 1923, presented said instrument, indorsed in blank by him under the designation of "Ira Place," to appellee and requested it to cash the same and pay him the proceeds thereof forthwith, which appellee did; that at said time appellee was not a designated public depository of any of the funds of said Lincoln School Township nor for any of the funds of Lincoln Civil Township, nor was it authorized by law to receive or deposit said instrument for said Lincoln School Township, but, at the time it cashed the same for

Place, it well knew that it was not his individual property but constituted part of the trust funds belonging to said Lincoln School Township and in his hands as trustee; and appellee further knew that Place was, under no circumstances, entitled to any of the proceeds of said instrument in his individual capacity, but only as such school trustee; that, when appellee cashed said instrument and delivered the proceeds thereof to Place, it well knew, or had reasonable means and opportunity for knowing, that Place, under the depository laws of the state, should have deposited said instrument in either the Farmers' State Bank or State Bank of Walkerton as the regularly designated public depositories of the funds of said township, and should not deposit them in appellee's bank, and that Place desired to have the same cashed by appellee and the proceeds delivered to him in order that he might appropriate the proceeds wrongfully to his own personal use and benefit and thereby defraud said school township thereof; and appellee further knew, or had reasonable means and opportunity for knowing, that Place, neither as such school trustee nor individually, had any authority to indorse or transfer said instrument or to have the same cashed by appellee or to sell or dispose of the same to it; that, by reason of said wrongful acts and omissions by appellee, and with its knowledge or reasonable means of knowledge, in cashing said instrument, it materially and directly aided and abetted Place in the misappropriation of the funds of said Lincoln School Township represented by said instrument; that none of the money received by Place from appellee, and none of the money represented by said instrument, has been paid to or received by appellant or by anyone on its behalf, or deposited or accounted for by Place for its benefit, but the same has all been misappropriated by Place for his sole individual benefit; that he has disappeared and that he is wholly

insolvent; that none of said misappropriated funds has been or can be recovered from him, but the same has been wholly lost to appellant; that at the time said instrument was finally paid by the Hamlet State Bank, the following indorsements and no others appeared thereon:

"Ira Place

"Pay to the order of Fletcher American National Bank of Indianapolis. (Signed) Citizens Nat'l Bank, South Bend, Ind.

"Indorsements guaranteed. Ralph K. Smith, Vice Pres. and Cashier.

"Pay any bank or banker or order. Prior indorsements guaranteed. Dec. 20, 1923. The Fletcher American Nat'l Bank of Indianapolis, Ralph K. Smith, Vice Pres. and Cashier. 20-1.

"Pay to the order of any bank or banker. Prior indorsements guaranteed. Dec. 21, 1923. Federal Reserve Bank of Chicago, W. C. Bachman, Controller of Collections, 2-30-2-30."

Appellant demands judgment against appellee for $100, with costs.

We do not need to set out the other paragraphs of complaint. So far as here involved, they are the same in their general facts, the first 10, as stated above, being on the theory of aiding and abetting Place in the misappropriation of the respective funds involved, and the last 10 on the theory of conversion.

The second paragraph counts on a warrant-check reading as follows: "Payable at Citizens Nat'l Bank, South Bend, Indiana. South Bend, Ind. Jan. 19, 1924. Treasurer of St. Joseph county, Indiana. Pay to the order of Trustee of Lincoln Township the sum of $481.98. A Public Depository for January. Distribution as allowed by the —— Court at —— term. (Signed) Clarence E. Sedgwick, Auditor. Not good until

countersigned by Treasurer. Countersigned: W. A. Slick, Treasurer St. Joseph County, C. D. J."

The warrant checks counted on in paragraphs three and seven are like the one counted on in paragraph two, except as to dates and amounts, each of them being payable at appellee bank, indorsed "Ira Place, Trustee," and paid in cash to Place.

The warrant checks mentioned in paragraphs eight, nine and 10 are like the ones counted on in paragraphs two, three and seven, except as to dates, amounts and the name of the drawee bank, the one counted on in paragraph eight being payable at State Bank of Walkerton, Walkerton, Indiana, a public depository of relator township, and the ones counted on in paragraphs nine and 10 being payable at St. Joseph Loan and Trust Company, South Bend, Indiana, a public depository, but not of relator township. The warrant check counted on in paragraph four was payable at Hamlet State Bank, Hamlet, Indiana; in paragraph five, at Farmers' State Bank, Tyner, Indiana; and in paragraph six, at North Liberty State Bank, North Liberty, Indiana; none of these last three being a depository of Lincoln Township funds. The last three warrants were township warrants, in payment of transfers.

It is not controverted that the Public Depository Law of Indiana expressly required Ira W. Place as trustee for Lincoln School Township to deposit all the trust funds here involved in the regularly chosen public depositories for public funds of the township, and that appellee bank was not one of such depositories, and further that it is the purpose of such law to bring all public funds under its requirements and protection, that they may be promptly collected, safely kept, lawfully expended and definitely accounted for.

Section 2467 Burns 1926, provides that, "Whoever, be-

ing charged or in any manner intrusted with the collection, receipt, safekeeping, transfer or disbursement of any money, funds, securities, bonds, choses in action or other property belonging to or under the control of . . . any . . . school township, . . . or any officer thereof, converts to his own use . . . or deposits with any person or corporation, contrary to law, or exchanges for other funds, except as allowed by law, any portion of such . . . property, is guilty of embezzlement."

Section 12634 Burns 1926, provides that "the funds collected by the township trustee [are] to be deposited in the public depository provided therefor, on or before the first and fifteenth days of each month . . . and no such officer shall draw any check upon any such depository for any purpose except . . . in payment of a legal claim against a township, and if any such person or officer mentioned herein shall fail so to deposit such funds, or shall deposit the same in any manner except in accordance with the provisions of this act, or shall draw any check against such funds except as provided for in this act, he shall be deemed guilty of embezzlement of public funds. . . . All township warrants shall be drawn by the township trustee directly against a township depository."

Long before the enactment of the depository law, it was held by the Supreme Court in *Winchester Electric Light Co.* v. *Veal* (1895), 145 Ind. 506, 41 N. E. 334, 44 N. E. 353, speaking with reference to the duties of a county treasurer, that it was his duty not only to preserve the existence, as well as the identity of each fund under his control, but to hold the money so received in some suitable way ready to meet all proper demands which might arise against any one of such funds, or to be conveniently delivered to his successor, either upon his death or upon the expiration of his term. It is hardly necessary for us to say that the same rule of law should

apply with equal force to the duty of a trustee in handling the trust funds in his hands as such trustee, and that it is made more mandatory, if possible, by the statutory provisions above quoted. Appellee was bound to take notice of these regulations, prohibitions and limitations upon the powers of the trustee, and it must be held that it conducted its business with him with full knowledge of his duties as such trustee.

Each of the warrants here involved showed on its face that it constituted part of the trust funds of Lincoln School Township. Appellee, being charged with knowledge of the law, as aforesaid, knew then that it was Place's duty to take such warrants, and each of them, without changing them into other funds, or into cash, and without causing them to lose their identity, to one or the other of the depositories named, and deposit them for collection to the trust funds of the township, and in the name of the township. Place, as such trustee, was but a special agent of the township, and clothed with a very limited authority, and appellee, at its peril, must know whether he was acting within his authority. *Reeve School Twp.* v. *Dodson* (1884), 98 Ind. 497; *Union School Twp.* v. *First Nat. Bank* (1885), 102 Ind. 464, 470, 2 N. E. 194.

In *Mayor, etc.,* v. *Sands* (1886), 39 Hun. (N. Y.) 519, the comptroller of the city, to whom a check in payment for some securities purchased of the city was made, indorsed it to Sands in payment for alleged services. The city sued Sands, and the court said: "The comptroller's duty under the law was forthwith to deposit it in the treasury in such form that it would be subject to the provisions of the statutes just referred to, and so that it could not be reached and disposed of except under those provisions for some lawful purpose. His neglect to do that was a palpable violation of his official duty, and his disposition of the check by indorsing it over to Sands

was another step in violation of law for which he was alike chargeable with breach of duty. The defendant Sands was bound to know that the comptroller had no power whatever to receive the check and indorse it over to him, and that in doing so he was guilty of an official wrong. His knowledge of that fact and his receipt of the check with such knowledge charges him with all the responsibilities of participation in the violation by the comptroller of his official duty, and those several facts contain every element of wrong essential to sustain the allegations of fraud contained in the complaint."

In *Franklin Sav. Bank* v. *International Trust Co.* (1913), 215 Mass. 231, 102 N. E. 363, the bank issued a check for $24,122, payable to the town of Framingham, in payment of the note. The town treasurer indorsed it, as treasurer, and instead of depositing it, put it in circulation by delivering it to the American Banking Company, which deposited it with the trust company. In holding for the plaintiff, the court said: "The only indorsement in the name of the town was made by Lombard, the treasurer, in these words: 'Town of Framingham, by John B. Lombard, Treasurer.' But he as treasurer had no power to indorse the check for circulation. His only power was to indorse it for deposit for collection to the account of the town. The check was not received for deposit on the account of the town, but on account of the American Banking Company, one of the defendant's depositors. . . . The infirmity in the title of the American Banking Company to the check was thus apparent on the check itself with the indorsement, when interpreted under the law, and the defendant must be held to have had knowledge of it. Having taken the check with such knowledge, it is answerable to the plaintiff for the proceeds." For similar facts and to the same effect, see *Quincy, etc., Ins. Co.* v. *International Trust Co.* (1914), 217 Mass. 370, 104 N. E. 845, L. R. A. 1915B 725.

It is expressly averred in each paragraph of the complaint that appellee knew, or had reasonable means or opportunity for knowing, that Place desired to have the warrants cashed by appellee and the proceeds delivered to him, in order that he might appropriate the proceeds wrongfully to his own personal use and benefit and thereby defraud appellant, and further knew that Place had no right to indorse or transfer such warrants or to have the same cashed by appellee or to sell or dispose of them. For the purposes of the demurrer, these averments must be taken as true. With this knowledge, appellee cashed the warrants for Place, paying him the cash for all of them except one, which it permitted him to deposit to his own personal account.

Appellee strongly urges upon the court that the alternative averment in the complaint that appellee well knew, or had reasonable means or opportunity for knowing, that Place desired the cash in order to abscond therewith, for the purpose of ascertaining the sufficiency of each paragraph of complaint, must be disregarded. Appellee cites *Adams Express Co.* v. *Heagy* (1919), 69 Ind. App. 652, 122 N. E. 603, as an authority sustaining its contention. That case, citing with approval *Indianapolis, etc., Traction Co.* v. *Henderson* (1906), 39 Ind. App. 324, 79 N. E. 539, to the effect that a complaint containing an allegation that the motorman of one of appellant's cars "could and did see plaintiff's said horse upon said track, or by the exercise of due care and diligence, could have seen said animal," held that the complaint was not vitiated thereby, the alternative averments each referring to the same ultimate fact, the court further holding that the complaint is to be construed as a whole, and if it contains facts sufficient to authorize any relief, it will be held good against demurrer. In this case, there is an averment of absolute knowledge on the part of appellee that Place

desired to have the warrants cashed and the proceeds delivered to him in order that he might wrongfully appropriate the same to his own use and benefit. This was sufficient to make the complaint good against demurrer. Having so determined, we do not need to determine as to whether the averment "that appellee had reasonable means and opportunity of knowing," etc., would be sufficient standing alone, and in the absence of the direct averment of knowledge, to make the complaint good against demurrer.

Where, as here, a trustee commits a breach of trust, all persons participating therein are liable to the beneficiaries as principals, and may be compelled to make good to the trust estate the resulting loss.

This rule of law is thus stated in *Safe Deposit Co.* v. *Cahn* (1906), 102 Md. 530, 535, 62 Atl. 819: "It is a general principle that all persons who knowingly take part or aid in committing a breach of trust are responsible for the money thus withdrawn from the trust estate, and they may be compelled to replace the fund which they have been instrumental in diverting. Every violation by a trustee of a duty which equity lays upon him, whether willful and fraudulent or done through negligence or arising through mere oversight or forgetfulness, is a breach of trust. There is in such instances no primary or secondary liability as respects the parties guilty of, or participating in, the breach of trust; because all are equally amenable. . . . Whoever knowingly aided him [the trustee] or knowingly participated with him, in misapplying those funds, became by reason of so aiding and so participating, equally liable with him to make the fund good by restoring the proceeds of the sales or an equivalent in cash to the trust estate."

In *Miami County Bank* v. *State, ex rel.* (1916), 61 Ind. App. 360, 112 N. E. 40, the court, in passing on a similar question, thus stated the rule: "If the bank, with

knowledge of the character of the funds so deposited, . . . knowingly assists, or permits such depositor to misuse or misapply such funds, it may be held liable therefor to the beneficial or actual owner thereof to the amount of the funds so misapplied or misused."

Under the facts in this case as averred, and with these authorities before us, we are constrained to hold that the court erred in sustaining appellee's demurrer to the complaint.

Reversed.