Charles F. Gilson,
Collector of Taxes
vs.  } No. 82620
Walter F. Fitzpatrick,
City Treasurer

January 26, 1932.

BAKER, J. Heard, jury trial waived, on an agreed statement of facts.

This is an action of the case brought under the statute by the Collector of Taxes of the Town of North Providence against the ·City of Providence to recover for certain taxes which it is claimed are due said town from the defendant for the years 1924 to 1928, both inclusive. While it appears in the papers filed herein that the tax for the year 1929 is also involved, by stipulation between the parties it is agreed that this claim of the plaintiff is waived without prejudice.

The amount of the assessment for the above years is not in question herein but the issues raised go to the validity of the assessment itself.

It appears from the agreed statement of facts and the exhibits introduced herein that on May 22, 1885, the Town of North Providence passed a resolution containing a considerable preamble, which resolution in substance permitted the City of Providence to construct a reservoir in the Town of North Providence, it being clear that this referred to a reservoir on Fruit Hill, and further provided that when said reservoir was completed the city should pay to the town the sum of $400 thereafter annually forever, and said resolution contained the following words:

"The said annual sum shall be full and complete payment for any extension of said water works, and the said works shall be exempt and free from any and all taxation."

On June 23rd of the same year, the City of Providence passed a resolution in reference to the construction of a reservoir at or near Fruit Hill, said resolution setting forth that the City of Providence accepted the terms offered by the Town of North Providence in its resolution of May 22, 1885, and agreed to the payments of money therein specified, and said resolution terminates with the following language:

"Said payments being made as an exemption from all taxation in said town, by said town, for water works and all extension of water works in said town belonging to the City of Providence."

Undoubtedly these two resolutions were passed under the authority conferred by Chapter 425, ,Sec. 1, of the Public Laws of Rhode Island, May 2, 1884, a portion of which reads as follows:

"And may consent to the erection, construction and the right to maintain a reservoir or reservoirs within said town or city, for such time and upon such terms and conditions as they may deem proper, including therein the power and authority to exempt such pipes and reservoirs and the land and works connected therewith, from taxation."

Following the passage of these resolutions, a reservoir was constructed on Fruit Hill by the City of Providence and was used by it until June 30, 1928. Up to the year 1924, this defendant each year paid to the Town of North Providence the sum of $400. During the year prior to June 16, 1924, the defendant purchased several tracts of land in the Town of North Providence which is the property described in the first count of the declaration in the case at bar. This property was assessed by the Town of North Providence at the proper time in each year

during the years 1924 to 1928, both inclusive, and is the property the tax upon which is involved herein.

In December, 1924, the City of Providence tendered the Town of North Providence a check for $400, which was endorsed by the Town Treasurer and cashed. On the back of this check was the statement that it was in full for all taxation in the Town of North Providence by said town for water works and all extensions of water works. In December of 1926, the City of Providence tendered to the Town of North Providence two checks, each for $400, one to represent the amount it claimed to be due in 1925 and the other for the year 1926. These checks were returned to the City of Providence and not cashed. The same procedure took place for the payments which the defendant contended that it owed the plaintiff for the years 1927 and 1928.

About April 5, 1927, the defendant began to construct another reservoir on the property described in the declaration in this case, which reservoir was completed about April 30, 1928, and has been in continuous use since. This reservoir furnishes water to the City of Providence and to the inhabitants of part of the Town of North Providence. The reservoir erected on Fruit Hill originally furnished water only to the City of Providence, but later water was also supplied therefrom to the inhabitants of a portion of the Town of North Providence.

About June 30, 1928, the defendant abandoned the use of the reservoir on Fruit Hill and on or about June 11, 1929, conveyed the land upon which said reservoir was situated to a private individual.

The defendant argues that the new reservoir and the property described in the plaintiff's declaration constitute an extension of the old reservoir and therefore fall within the language of the two resolutions of 1885. In support of its claim, the defendant has cited to the Court a number of cases involving in most instances fire insurance policies in which the Courts have generally held that it is not always necessary that an extension be connected with or immediately contiguous to the main body.

Alterman vs. Home Ins. Co., 183 N. Y. Supp. 62;

Bohmer vs. Haffen, 35 App. Div. N. Y. 381;

Phenix Ins. Co. vs. Martin, 16 So. Rep. 417 (Miss.).

In connection with these cases it may be noted, first, that most of the conditions existed at the time the insurance was placed upon the property, and, secondly, that in several instances the Court made use of the general doctrine that where there is any uncertainty or ambiguity, the policy should be construed in favor of the insured. In the case at bar the Court is of the opinion that the word "extension" should be given its ordinary and reasonable meaning and that no strained construction should be placed upon it. Ordinarily this term would mean an enlargement of or an addition to the main body under consideration. This was the construction placed upon the word in the case of N. Y. C. & H. R. R. R. Co. vs. B. & W. El. Ry. Co., 96 App. Div. N. Y. 471.

See also Acione vs. Commercial Union Assurance Co., 182 App. Div. N. Y. 822.

The defendant argues that it would be physically impossible to extend or enlarge an existing reservoir. It does not seem to the Court that this is necessarily so. It is conceivable that a reservoir might be drained and then extended. Further, it would seem to the Court possible that a new reservoir might be constructed contiguous to an old reservoir and so connected by pipes, or other means of transferring water from one to the other, that the new construction might well be called

an extension of the old work. Also, it is very possible that when the resolutions of 1885 were passed, the parties had in mind the laying of further pipes, the construction of a pumping station or other buildings, or the purchase of additional land, all to be used in connection with the reservoir then to be built, and all of which, it seems to the Court, might properly be considered an extension of that reservoir or of that particular water works.

An examination of the facts in this case leads the Court to the opinion that the new reservoir constructed on the premises described in the plaintiff's declaration can not properly be considered an extension of the old reservoir within the meaning of the language of the resolutions. The new reservoir is approximately half a mile distant from the old reservoir and is separated from it by two highways and privately owned property. It is in no way physically connected with the old reservoir. It is an entirely different type of construction. After the new reservoir was constructed, the old reservoir was abandoned and the property ultimately sold to a private individual. It is quite evident that the new reservoir is merely a substitution for the old one, and it appears to the Court that where such a state of facts is shown, it cannot be considered that the new work which is erected in place of the old is an extension of the latter within the ordinary and reasonable meaning of that word.

The defendant argues, however, that even if the new reservoir cannot be considered as an extension of the old, nevertheless the language of the resolutions is broad enough to exempt it from the payment of any sums by way of taxes in excess of $400. A reading of the preamble of the resolution passed by the Town Council of the Town of North Providence seems to show quite clearly that a certain specific reservoir on Fruit Hill was under consideration. The reference therein to the extension of water works in said town after the original construction, in the judgment of the Court was intended to apply to the extension of the Fruit Hill Reservoir. The term "water works" was apparently used very generally and quite loosely, and evidently applied to the reservoir under consideration with all connections, appurtenances and extensions thereto.

It may be noted that in the resolution itself it is provided that the sum of $400 shall be in full payment for any extension of said water works and that the said works shall be exempt from any further taxation. The use of the word "said" in this connection seems to refer clearly to the water works under discussion, namely, the reservoir about to be constructed on Fruit Hill. It is true, as the defendant argues, that the language used in the resolution passed by the City of Providence on its face is somewhat broader in its scope. It provides that the payment of $400 should constitute an exemption from all taxation in North Providence by said town for water works and all extensions of water works in the town belonging to the City of Providence.

The Court is of the opinion, however, that the two resolutions must be read together in order to arrive at their full meaning. The resolution of the City of Providence on its face was an acceptance of the terms suggested by the Town of North Providence in its resolution and also refers specifically to the construction of a reservoir at or near Fruit Hill. Taking the whole situation into consideration, it seems clear to the Court that the parties were referring to a particular reservoir or water works to be constructed at or near Fruit Hill and to all extensions of said particular reservoir or water works, and it was for this that the city was to pay the sum of $400 annually, and nothing more.

The defendant urges very strongly that the intention was to exempt from any tax over and above the $400 agreed upon, all water works systems and reservoirs of every kind located in the Town of North Providence and owned by the City of Providence.

The resolutions in question were passed in pursuance of the powers given under the Enabling Act of May 2, 1884, already referred to. A consideration of this Act leads the Court to believe that it was not intended that cities or towns should have such a broad or general power of exemption.

The Enabling Act in substance provides that a city or town may consent to the erection, construction and the right to maintain a reservoir or reservoirs within said city or town for such time and upon such terms and conditions as they may deem proper, including therein the power and authority to exempt such pipes and reservoirs and the land and works connected therewith, from taxation. This Act would seem to apply to a particular reservoir or reservoirs and not to a general water works system.

The defendant contends that by use of the words "terms and conditions as they may deem proper," it was intended that the city or town council might have the general power of tax exemption for future construction or for water works in general.

The Court does not find that it can accept such a broad power as being included within the phrase "terms and conditions." In the judgment of the Court this was not intended to apply only to the exemption of the reservoir or reservoirs but was to give the city or town council authority to impose terms and conditions in connection with the actual care or maintaining of the works under discussion. The following phrase specifically states that the power of exemption is included, but, by the use of the modifying word "such," seems to clearly limit the power to the pipes, reservoirs, land and works under consideration. It does not appear to give a general power of exemption.

The taxing power is obviously one of the most important possessed by a municipality. By its exercise it obtains the necessary revenues to conduct all its affairs on behalf of the public generally. The law is not inclined to favor broad tax exemptions. Insofar as possible tax burdens should be equally distributed throughout a community.

Therefore, the principle has been clearly established that where any act provides for a tax exemption or a power to permit a tax exemption, it is strictly construed and is not in any way enlarged or broadened.

> Brown University vs. Granger, 19 R. I. 704;
>
> City, &c. vs. Virginia, 124 Va. 529.
> See also
> Smith vs. Town of Westerly, 19 R. I. 437.

After careful consideration, therefore, the Court has come to the conclusion that the language used in the two resolutions in question, based upon the Enabling Act above referred to, was not intended to and could not provide for a general tax exemption over and above the sum of $400 for all reservoirs and water works systems then or later owned by the defendant in the Town of North Providence, but that it applied only to the particular reservoir on Fruit Hill then being discussed and all extensions thereto.

The Court is of the opinion, therefore, that the taxes in question for the years 1924 to 1928, both inclusive, on the property described in the plaintiff's declaration were validly assessed and that the resolutions in question do not constitute a defense thereto.

The only question remaining for consideration relates to the tax for the year 1924. The defendant urges that

the Town Treasurer of the Town of North Providence, having accepted the defendant's check for $400 with the notation above referred to on its reverse, is now estopped from claiming any further tax for that year and that he has waived for the town whatever right it might have to collect such a tax.

If this was litigation between private parties, the Court would be inclined to feel that there was substantial merit in the defendant's claim. It seems well settled, however, that an officer of a municipal corporation has no authority to accept a payment on such conditions as are herein involved. Generally speaking, a town treasurer has no authority to waive the collection of taxes. This would be obviously unfair to other tax-payers. At the time the check in question was presented, the old reservoir was being used, for which the city had agreed to pay the sum of $400 under the provisions of the resolutions above referred to, and the city had also, in addition, purchased the premises described in the declaration, upon which it later constructed the new reservoir. Courts have held that persons dealing with a municipal corporation or its officers are bound at their own peril to ascertain the power of the municipality or its agents to perform the acts in question.

McAleer vs. Angell, 19 R. I. 688.

Franklin &c. vs. International &c., 215 Mass. 231;

State &c. vs. Tacoma, 97 Washington;

Cooley on Taxation, 4th ed. Vol. 3, Sec. 1254.

In the judgment of the Court, the acceptance of the check in question does not prevent the plaintiff from pressing its claim as to the tax for that year assessed against the property described in the declaration.

From the record presented, it would appear that the taxes involved herein bore interest at the rate of 8% from the time they became due until collected.

The Court finds that the plaintiff is entitled to recover the amount of the taxes assessed with interest at the foregoing rate, and these amount to the following sums:

| | |
|---|---|
| 1924 tax | $154.00 |
| Interest | 90.35 |
| Total | $244.35 |
| 1925 tax | $176.00 |
| Interest | 89.17 |
| Total | $265.17 |
| 1926 tax | $176.00 |
| Interest | 75.09 |
| Total | $251.09 |
| 1927 tax | $1,174.00 |
| Interest | 406.98 |
| Total | $1,580.98 |
| 1928 tax | $1,174.00 |
| Interest | 313.06 |
| Total | $1,487.06 |

The aggregate of the taxes and interest above referred to is $3,828.65, for which amount the Court renders a decision in favor of the plaintiff.

For plaintiff: Arthur Cushing & J. A. O'Reilly.

For defendant: City Solicitor, Elmer S. Chase, Clifton I. Munroe, John C. Mahoney.