STATE FOR USE OF WALKERTON-LINCOLN TOWNSHIP CONSOLIDATED SCHOOLS *v.* CITIZENS NATIONAL BANK OF SOUTH BEND.

[No. 14,804.   Filed January 4, 1935.   Rehearing denied April 1, 1935.   Transfer denied June 24, 1935.]

*Henry M. Dowling,* and *Roy Sheneman,* for appellant.

*G. A. Farabaugh, Shively & Arnold,* and *Virgil Nobles,* for appellee.

WOOD, J.—This is the second appeal of this case. See *State, ex rel.* v. *Citizens National Bank* (1930), 91 Ind. App. 106, 170 N. E. 346.   It was an action to recover from the appellee, the proceeds of ten warrants issued

to Lincoln School Township, St. Joseph County, Indiana, which appellee paid to the then duly elected, qualified, and acting trustee of Lincoln Civil Township, said county and state, under circumstances hereafter set out, who misappropriated the funds received from said warrants to his own use.

In the original amended complaint, presented to this court for its consideration upon the first appeal of this case, the appellant sought to recover the proceeds of the respective warrants upon two separate theories. The first theory was that appellee, with knowledge or reasonable means of knowledge, that Place, the trustee, was attempting to embezzle township funds by cashing the warrants at appellee's bank, aided him in the misappropriation of the funds by receiving the warrants and delivering him cash therefor. The second theory was that title to the respective warrants vested in Lincoln School Township as soon as they were received by Place as trustee; that the title of the township in said warrants had never been lawfully divested; and that appellee, in receiving and collecting the checks, was liable as for conversion.

The lower court sustained a demurrer to each paragraph of this complaint for insufficiency of facts. Upon appeal to this court as heretofore suggested, the ruling of the lower court was reversed and the cause remanded for further proceedings.

The appellant then filed additional paragraphs of complaint for recovery of the proceeds of each of the warrants upon a third theory, viz: that appellee, by participating with Place in a plan which it was bound to know was in violation of his official duty, by means of which the funds of the township had become lost, had made itself a trustee *ex malificio* as to each warrant and was liable therefor to appellant in a fiduciary capacity.

In its opinion on the first appeal, this court set out in detail the substance of the amended complaint embracing the first two theories upon which appellant sought recovery as above indicated. For the sake of brevity we will not include them in this opinion.

The additional paragraphs of complaint seeking recovery upon the third theory as above indicated, by reference, incorporated therein a substantial portion of these paragraphs seeking recovery upon the first theory as herein indicated, and alleged in addition thereto, that in violation of his official duty, the trustee indorsed and presented the warrant to appellee, requested, and received the cash therefor; that appellee was not a designated public depository of any of the funds of either Lincoln school or civil townships, nor was it authorized by law to receive or deposit said warrant for said township; that when appellee cashed the warrant it knew that it was not the individual property of the trustee but constituted a part of the trust funds of Lincoln School Township, in his hands as trustee, and that the trustee was not entitled to any of the proceeds of said warrant in his individual capacity; that when appellee cashed said warrant and delivered the proceeds thereof to the trustee, appellee knew, or had reasonable means and opportunity of knowing, that said trustee, under the depository law of Indiana, should have deposited said warrant in the regularly designated public depository of funds for Lincoln School Township, and should not deposit such funds with its bank; that appellee knew or had reasonable means for knowing that the trustee, neither as trustee nor individually, had any right to indorse or transfer said warrant to appellee or to have same cashed, or to sell same to appellee; that the funds so received by said trustee had been misappropriated to his own use; that said warrant was drawn upon a solvent drawee and appellee had received and

appropriated the proceeds thereof to its own use and benefit; that by reason of the facts aforesaid appellee became a trustee *ex malificio* of said warrant as property of appellant.

A demurrer for insufficiency of facts addressed to each of the ten additional paragraphs of complaint was overruled, and appellee filed an answer in general denial to each paragraph of the complaint.

The cause was tried to the court. At the request of the parties it found the facts specially and stated its conclusion of law thereon, to which the appellant duly excepted. The appellant filed a motion for a new trial. This was overruled. Appellant appeals assigning these two rulings of the trial court as errors for reversal.

It appears from the special finding of facts, that the appellee was a national bank conducting a general banking business in the city of South Bend, Indiana; that the trustee in question was elected November 7, 1922, as trustee of Lincoln Township, St. Joseph County, Indiana, and acted in that capacity from January 1, 1923, until about July 1, 1925, when he absconded, at which time he was a defaulter to an amount in excess of $6,000 of the funds of Lincoln School Township (of which he was trustee ex officio). January 1, 1923, and January 5, 1925, respectively, State Bank of Walkerton and Farmers State Bank, both located at Walkerton, Lincoln Township, St. Joseph County, Indiana, were properly designated and qualified as public depositories for all the funds of Lincoln civil and school township, and were the only depositories designated and qualified to receive such funds from December 9, 1923, to and including April 25, 1925; the trustee in the performance of his official duties as trustee of Lincoln School Township received on behalf of said township as its property, ten vouchers from different sources, amounting in the aggregate to

the sum of $5,067.68. Four of the warrants were issued by trustees of neighboring townships against the depository of their funds, for the payment of transfers of school children. Six of these warrants were issued by the county auditor against depositories of its funds in payment of distribution of school funds; each of these warrants was received by the trustee as the property of the school township, and not as his individual property, and each warrant was worth the full face amount thereof; shortly after receiving each of the respective warrants, the trustee indorsed and delivered them to the appellee, and it paid him cash for the amount each called for; the warrant dated December 10, 1923, was payable to "Ira Place," and was indorsed "Ira Place;" the warrant dated January 19, 1924, was payable to "Trustee Lincoln Township," and was indorsed "Ira W. Place, Trustee;" the warrant dated July 21, 1924, was payable to "Trustee Lincoln Township," and was indorsed "Ira W. Place, Trustee;" the warrant dated August 13, 1924, was payable to "Ira W. Place," and was indorsed "Ira W. Place;" the warrant dated August 23, 1924, was payable to "Ira W. Place, Trustee;" the special finding does not disclose how it was indorsed; the warrant dated September 8, 1924, was payable to "I. W. Place, Trustee," and was indorsed "I. W. Place;" warrants dated December 2, 1924, January 23, 1925, April 9 and 25, 1925, were all payable to "Trustee Lincoln Township," and were respectively indorsed "Ira W. Place Trustee," "Ira W. Place Trustee Lincoln Township," "Ira W. Place Trustee Lincoln Township," and "Ira W. Place Trustee;" three of the warrants were drawn against the appellee as a depository of public funds and were charged to the respective funds against which they were drawn, the balance of the warrants were forwarded by appellee for collection from the respective drawers thereof and

the proceeds of said warrants were paid to appellee; the trustee misappropriated funds of the school township between December 10, 1923, and April 25, 1925; the defalcation of $5,067.68 being accomplished by means of indorsing the warrants above referred to, personally delivering them so indorsed to appellee, obtaining for them the cash therefor, appropriating it to his own use and not depositing it in the public depository of the school township, and the above amount was lost to the township; appellee was not a depository for the public funds of Lincoln School Township; that all of the warrants were cashed by appellee in the regular course of business; at no time when the appellee cashed same did it possess any knowledge of any intention or purpose of the trustee to appropriate the proceeds of the checks to his own use, or to otherwise misappropriate them and did not know of the misappropriation until after July 1, 1925; that at the several times when appellee received the warrants from the trustee it did not have reasonable means and opportunity for knowing nor could it by the exercise of due diligence have known that the trustee intended to violate the depository laws of the State of Indiana by himself obtaining all the cash proceeds of the warrants, and appropriating them to his own use instead of depositing them in the proper designated public depositories of his township; that Place was insolvent; that the appellee at all times after collecting the funds of the warrants, had on hand as a part of its general assets cash in an amount equal to or in excess of the amount collected.

Each of the various theories of appellant's complaint seeks recovery from appellee because of the unlawful, tortious conduct upon its part resulting in appellant's damage.

The appellant insists that the court erred in overruling its motion for a new trial for the reason that

the decision of the court is not sustained by sufficient evidence; first, because the evidence established that the appellee knew or had reasonable means or opportunity of knowing that the trustee intended to appropriate the proceeds of the several warrants to his own use; second, the evidence proved appellee guilty of converting appellant's property to its own use; and third, because the evidence established that the appellee became a trustee *ex malificio,* by aiding the trustee in violating the public depository law and his duty as trustee.

As we interpret appellant's contention, it is, that all the facts and circumstances proved by the evidence, together with all reasonable inferences to be drawn therefrom, when considered in connection with the rules of law applicable to this case, with a knowledge of which rules of law the appellee was chargeable, it made a case entitling it to a recovery, relying partly in support of this contention, upon the opinion of this court rendered in the former appeal of this cause.

In answer to this contention, appellee insists that the statement contained in said opinion, to wit: "Each of the warrants here involved showed on its face that it constituted part of the trust funds of Lincoln School Township. Appellee, being charged with knowledge of the law, as aforesaid, knew then that it was Place's duty to take such warrants, and each of them, without changing them into other funds, or into cash, and without causing them to lose their identity, to one or the other of the depositories named, and deposit them for collection to the trust funds of the township, and in the name of the township. Place, as such trustee, was but a special agent of the township, and clothed with a very limited authority, and appellee, at its peril, must know whether he was acting within his authority," on which the appellant seems most to rely, is obiter. We

cannot agree with appellee's contention. One of the primary purposes of the passage of the Public Depository Law was the security of public funds and their protection against the devious methods and rascality of dishonest public officials. Were we to adopt appellee's contention, it would have the effect of emasculating the Public Depository Law, and instead of preventing, give legal sanction to the very thing which happened in this case, so that township trustees could without restriction, convert warrants issued to their townships into cash, and embezzle the funds, thus subjecting the township to a loss with no means of recoupment, in this manner accomplishing those reprehensible acts which the law was passed to prevent. We cannot give our approval to such an interpretation of the act. When considered in all its phases, in connection with the fact that a township trustee is a purely statutory officer, with only such power and authority as the statute vests in him, which is very limited, the Public Depository Law is not susceptible of such a construction.

We do not think that the statement of which the appellee complains, made by this court in its opinion, on the former appeal of this case was obiter. We think it was a proper interpretation of the law and necessary to a complete and full determination of the rights of the parties as then presented to the court. We adhere to the principles announced in that opinion.

What we have already said disposes of the other questions presented and discussed by appellant in its brief. The court erred in overruling appellant's motion for a new trial, and in its conclusion of law, and the judgment is reversed.

From an examination of the record we do not perceive where the ends of justice will be subserved in any manner by a new trial of this case, so the lower court

is ordered to restate its conclusion of law in favor of appellant, and to render judgment in accordance therewith.

Curtis, J., not participating.