FIDELITY AND DEPOSIT COMPANY OF MARYLAND *v.*
CITIZENS STATE BANK.

[No. 15,569. Filed November 23, 1937.]

*Kane, Blain & Hollowell,* for appellant.

*Mehaffey & Haupt,* and *Walter T. Gunn,* for appellee.

DUDINE, P. J.—Emerson J. Davis was elected treasurer of Warren County, Indiana, in November, 1924, re-elected in 1926 and served as such county treasurer from January 1, 1926, until March 4, 1929, when he absconded and abandoned the office.

After he had absconded it was learned that he had embezzled $28,075.20 of the funds of said county with which he had been charged as such county treasurer. Appellant Fidelity & Deposit Company of Maryland having been the surety on his official bonds throughout the period of his incumbency in said office paid a sum equal to said amount of money to the board of finance of said county in satisfaction of its liability on said bonds.

While Davis was serving as county treasurer he endorsed and tendered to appellee Citizens State Bank, (Williamsport, Indiana) and appellee bank accepted two drafts for deposit in Davis' personal account. One of these drafts was in the sum of $1,009.53 and was made payable "To the order of Emerson J. Davis, Treas." and was endorsed "Emerson J. Davis, Treas., E. J. Davis." The other draft was in the sum of $2,255.41 and was made payable "To the order of Emerson J. Davis Co. Treas." and was endorsed "Emerson J. Davis Co. Treas., E. J. Davis."

Davis checked out all of the money in his said personal account except $186.29 before he absconded.

This is an appeal from a judgment in a suit by appellant (which will hereinafter be referred to as surety company) to recover from appellee, Citizens State Bank (of Williamsport, Indiana) so much of said amount paid by appellant as such surety to said county as was

represented by said two drafts. The complaint was in two paragraphs, one based on each of said drafts and the answer was a general denial. The cause was tried by the court without a jury and the court found for appellee bank and rendered judgment in accordance with the finding. Appellant surety company filed a motion for a new trial which was overruled and this action of the court is the sole error assigned upon appeal.

The causes for a new trial presented are:

1. The decision of the court is contrary to law.

2. The decision of the court is not sustained by sufficient evidence.

In support of the contention that the decision is contrary to law appellant says in its brief that "both checks being drawn payable to Davis in his official capacity as treasurer was notice to the bank that they were public funds and that Davis had no right under the law to deposit them in his private account." (Citing *State for Use of Lincoln Township of St. Joseph County* v. *Citizens National Bank* (1930), 91 Ind. App. 106, 170 N. E. 346; *State for Use of Walkerton Lincoln Township Consolidated Schools* v. *Citizens National Bank of South Bend* (1935), 100 Ind. App. 501, 193 N. E. 389; *State of Indiana* v. *Stultz, Rec.* (1935), 208 Ind. 543, 196 N. E. 873.)

Each of said cases is so distinguishable from the instant case that none of them are applicable here. In view of the uniform Fiduciaries Act (1927) Sec. 31-101 et seq. Burns 1933, §7709 Baldwin's 1934, we hold that appellant's said contention is not tenable. Sec. 31-101 Burns 1933 (§7709 Baldwin's 1934) specifically includes public officials as "Fiduciaries" within the meaning of the said Act. Section 4 thereof (Sec. 31-104 Burns 1933, §7712 Baldwin's 1934) provides:

"If any negotiable instrument payable or endorsed to a fiduciary as such is endorsed by the

fiduciary . . . the endorsee is not bound to inquire whether the fiduciary is committing a breach of his obligation as fiduciary in endorsing or delivering the instrument and is not chargable with notice that the fiduciary is committing a breach of his obligation as fiduciary unless he takes the instrument with actual knowledge of such breach or with knowledge or such facts that his action in taking the instrument amounts to bad faith. If, however, such instrument is transferred by the fiduciary in payment of or as security for a personal debt of the fiduciary to the actual knowledge of the creditor or is transferred in any transaction known by the transferee to be for the personal benefit of the fiduciary, the creditor or other transferee is liable to the principal if the fiduciary in fact commits a breach of his obligation in transferring the instrument."

Section 9 thereof (sec. 31-109 Burns 1933, §7717 Baldwin's 1934) provides:

"If a fiduciary makes a deposit in the Bank to his personal credit of checks drawn by him upon an account in his own name as fiduciary or of checks payable to him as fiduciary . . . or if he otherwise makes a deposit of funds held by him as fiduciary the Bank receiving such deposit is not bound to inquire whether the fiduciary is committing thereby a breach of his obligations as fiduciary; and the Bank is authorized to pay the amount of the deposit or any part thereof upon the personal check of the fiduciary without being liable to the principal unless the Bank receives the deposit or pays the check with actual knowledge that the fiduciary is committing a breach of his obligation as fiduciary in making such deposit or in drawing such check or with knowledge of, such facts that its action in receiving the deposit or paying the check amounts to bad faith."

On the authority of said sections of said act we hold that the fact that the drafts were drawn payable to Davis in his official capacity was not such notice to appellee bank as would impose liability upon it for accepting the drafts for deposit in the personal account of Davis, the fiduciary, and permitting him to withdraw the money from the personal account.

In support of the contention that the decision is not sustained by sufficient evidence appellant says in its brief that the evidence conclusively shows that the appellee accepted the draft for the larger amount knowing it was "Trust Funds." There is evidence in the record which is sufficient to sustain a finding that appellee bank did *not* know that either of said drafts represented funds which belonged to Warren county. The evidence as to such fact is conflicting, and, therefore, we hold that the finding which the court apparently made as to such fact is supported by the evidence.

In its reply brief appellant says its "position . . . (is based) . . . upon the Public Depository Law," and that the deposit of said drafts was in violation of said law, that appellee bank became a trustee *ex male officio* and as such is liable to appellant for the loss of said money. Citing *State of Indiana* v. *Stultz, Rec., supra.* In that case our Supreme Court held the Wells County Bank *"In pari delicto"* with a public official whose deputy had deposited public funds in said bank in violation of the Public Depository Act, but the court so held on the ground that said bank *knew* the money was being deposited in violation of said Act. Said decision is not controlling here because, in view of the evidence and the finding in this case, we must assume that appellee bank *did not know* the deposits in the instant case were being made in violation of the Public Depository Act. In that view of the case appellee bank did not become a "Trustee *ex male officio"* of the funds.

We hold that the decision of the trial court is sustained by sufficient evidence and it is not contrary to law.

Judgment affirmed.